Parish Bank and Trust Company, Appellant and Cross Appellee, v. Uptown Sales and Service Company, Inc., Appellee and Cross Appellant.

Gen. No. 9,426.

74

Opinion filed April 20, 1939.

V. A. PARISH, for appellant.

VERNON G. BUTZ, of Kankakee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The Parish Bank & Trust Company filed its complaint in the circuit court of Kankakee county, for the possession of a certain automobile which was held and claimed by the Uptown Sales & Service Company, Inc. The bank claimed the automobile by virtue of a conditional sales note, and contract conveying the said automobile to them. The defendants filed their answer and denied that the plaintiff was entitled to the automobile. The defendants tendered to the plaintiffs the sum of $170, the amount which was due under the sales contract, but the plaintiffs refused to accept the money. The case was tried before the court who found the issues in favor of the defendants and dismissed the suit at plaintiff's costs.

The judgment was entered on March 9, 1938. On March 29, 1938, the plaintiffs filed their notice of appeal in said court. On April 1st, proof of service of notice of appeal was filed. On April 2, 1938, a praecipe for record and proof of service were filed in the lower court. On July 18, 1938, the defendants filed

a motion in the trial court to amend the judgment of March 9th, by having the court order a writ of *retorno habendo* to issue. On August 31, 1938, the trial court entered an order that the judgment of March 9, 1938, be amended so as to order the return of the automobile and the issuance of a writ of *retorno habendo*. On November 28, 1938, plaintiffs filed a motion to set aside and vacate the order and judgment of August 31, 1938, amending the judgment of March 9, 1938. This motion was overruled.

The Parish Bank & Trust Company has appealed from the order of November 28, 1938, overruling its motion to set aside and vacate the order and judgment of August 31, 1938, and has also appealed from the order and judgment of August 31, 1938, amending the judgment of March 9, 1938, and from the judgment of March 9, 1938, as amended.

The question presented on this appeal is, whether the court had authority on August 31, 1938, to amend its judgments of March 9, 1938. It will be noted that within the proper time the appellants filed notice of appeal in the trial court. Proof of service and all necessary preliminary steps were taken. The appellants failed to file the record in the Appellate Court. Evidently, the appellees did not discover that their judgment of March 9th was defective until after appellants had failed to prosecute their appeal. Then they made their motion to amend the original judgment.

The filing of notice of appeal by the appellants on March 29, 1938, was a jurisdictional matter and constituted an appeal from the circuit court. As soon as this was filed, the circuit court lost jurisdiction of the case and had no authority to change or modify the judgment which had been rendered. It was so held in the case of *Danford v. Watkins,* 337 Ill. 222. The amendment made by the court was not a formal matter, but was a substantial part of the judgment.

There is another reason why the court had no authority to amend the judgment in question. Under the old rule, before the new Practice Act became effective, after a term of court had elapsed at which the judgment was entered, the court was without power at a subsequent term on motion or petition, to vacate or modify its decrees or judgments, except as to matters of form or clerical errors, or where a decree is void for want of jurisdiction in the court entering the same. (*Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369; *Sim v. Sim,* 247 Ill. App. 321.) Section 50, subpar. 7, of the Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 174; Jones Ill. Stats. Ann. 104.050] provides as follows: ''The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable.'' This section of the Practice Act does away with the old rule that a judgment shall become final at the end of term of court with which it was rendered, but the judgment now becomes final within 30 days after its rendition. The record shows that the judgment was amended more than 90 days after it was rendered. The court had no jurisdiction to make such amendment, as it was one of substance rather than form.

The appellees have filed a cross appeal from the original judgment of March 9, 1938. The appellants filed their motion to dismiss the same and suggestions in support of their motion. The appellees have not seen fit to file any countersuggestions. Rule 35 of the Supreme Court provides that, ''Each appellee who desires to prosecute a cross-appeal from all or any part of the judgment, decision, order or decree, and each co-party who did not join in the notice of appeal but who desires to join as appellant or to prosecute a separate appeal, shall, within ten days after service of

notice of appeal, serve a notice upon each party or attorney or firm of attorneys who signed the notice of appeal, and upon each appellee, or in case of a cross-appeal upon each co-appellee, and file a copy thereof in the trial court.'' This rule for cross appeals contemplates an appeal from the same judgment that the appellants have appealed from. The judgment from which the appellees are attempting to take a cross appeal is a totally different judgment from the one on which this appeal is pending.

If it is contended that the appellees are appealing directly from the judgment of March 9, 1938, they have to comply with the Practice Act which governs such appeals. The section applicable in such cases is the first paragraph of section 76 of the act, Smith Hurd's Annotated Statutes [Ill. Rev. Stat. 1937, ch. 110, § 200; Jones Ill. Stats. Ann. 104.076] which is as follows: ''No appeal shall be taken to the Supreme or Appellate Court after the expiration of ninety days from the entry of the order, decree, judgment or other determination complained of; but, notice of appeal may be filed after the expiration of said ninety days, and within the period of one year, by order of the reviewing court, upon motion and notice to adverse parties, and upon a showing by affidavit that there is merit in appellant's claim for an appeal and that the delay was not due to appellant's culpable negligence.''

It will be observed that the statutory period for which appeals are allowed directly to the Appellate Court is 90 days, but an appeal may be filed after the expiration of 90 days by order of the reviewing court upon motion, etc. The appellees made no attempt to file an appeal from this original judgment until long after the 90-day period had expired, nor did they attempt to get an order for appeal from the Appellate Court. The motion to dismiss the cross appeal is hereby sustained and the same is dismissed.

The appellees ask this court to enter a judgment so as to grant the relief to which they contend they are entitled and to give them possession of the car. The original judgment of March 9, 1938, is not before this court on appeal and we would have no authority to enter the judgment as requested by appellees.

The judgment of the trial court of August 31, 1938, amending the judgment of March 9, 1938, is hereby reversed and the cause remanded.

*Reversed and remanded.*