Continental Paper Grading Co., Plaintiff-Appellee, v. Howard T. Fisher & Associates, Inc., Defendant-Appellant, Edwin H. Mittelbusher, Defendant-Appellee.

**Gen. No. 46,955.**

First District, First Division.

November 19, 1956.

Rehearing denied March 12, 1957.

Released for publication March 12, 1957.

Thomas H. Fisher, and Norman Crawford, both of Chicago, for appellant.

C. Lysle Smith, of Chicago, for defendant-appellee; John Alden Powers, of Chicago, of counsel.

JUDGE BURKE delivered the opinion of the court.

In the mandate issued in case No. 46314 we reversed the judgment of the Circuit Court and remanded the cause "for such other and further proceedings as to law and justice shall appertain, not inconsistent with the views expressed in the opinion of this Court this day filed herein." The opinion was filed on June 21, 1954, and the petition for rehearing was denied on July 26, 1954. 3 Ill.App.2d 118. On November 4, 1955, the appellant presented the mandate for filing in the Circuit Court and moved for the entry of an order thereon. That court denied permission to file the mandate or to enter the order presented by appellant. It appeals.

Appellant maintains that the court erred in refusing to permit the filing of the mandate and in refusing to enter a submitted order in accordance with the mandate. Edwin H. Mittelbusher, the appellee, asserts that the right of appellant to further proceed in the cause, including the entry of a new declaratory judgment, has been lost and abandoned by appellant's failure to file

the mandate within one year, that the right claimed by appellant to file the mandate although further proceedings are barred, is a mere abstract right in the nature of a moot question, and that the right to file the mandate is barred by the express language of the statute. Section 88(3) of the Civil Practice Act [Ill. Rev. Stats. 1955, ch. 110, § 88, subd. (3)] provides that no new trial or hearing "shall be had by reason of the reversal of any judgment, order or decree, unless the mandate is filed in the trial court within 1 year after the judgment, order or decree of the reviewing court has become final either through the denial of a petition for rehearing or the expiration of the time within which a petition for rehearing might have been filed." Until the statute was amended effective January 1, 1956, the language after the words "within 1 year" read: "after final determination by the reviewing court." The failure of appellant to offer the mandate for filing until November 4, 1955, was a delay beyond the permitted statutory period under both the original and amended forms of the statute.

 The case out of which the present appeal arises was a proceeding for a declaratory judgment to determine the rights and liabilities of the parties to a contract. Apart from the questions of the violation of the Architects statute, the complaint raises questions concerning the relationships of plaintiff therein to defendant corporation, of plaintiff to Mittelbusher and of defendant corporation to Mittelbusher. There was a question presented as to whether the severance of relationship between the Fisher corporation and Mittelbusher made the contract impossible of performance within the intention of the parties. There were also questions whether plaintiff had performed the contract or breached it and whether the Fisher corporation had performed the contract or breached it. Furthermore there were questions whether the services performed

3

under the contract extended beyond the services specified in Paragraph 1 thereof and into the services specified in Paragraph 2 thereof, and whether the amounts paid to the Fisher corporation covered all services rendered to date or whether a balance was owing. All of these issues and others were submitted to the court during the trial. The trial judge did not pass on these issues. He based the judgment on his decision that the Architects statute had been violated, making it unnecessary to decide the other points. In reversing the judgment and remanding the cause we decided that the Architects statute had not been violated. The effect of the reversal and remandment was to require that the trial court in deciding the issues should proceed not inconsistently with the principles announced in the opinion. In Little v. Chicago Woman's Bowling Ass'n, 344 Ill. App. 65, the words in the statute "no new trial" were treated as synonymous with "no further proceedings."

██ ██ We turn to a consideration of the contention that the court erred in refusing to permit the appellant to file the mandate. Section 88(4) of the Civil Practice Act reads: "Other than as provided in subdivisions (2) and (3) of this section, no notice of the filing of the mandate of the reviewing court need be given and lapse of time shall be no bar to the filing of such mandate in the trial court." Subdivision (2) contains a provision concerning notice but there is no reference to notice in subdivision (3). Therefore the words "other than as provided in subdivisions . . . (3) of this section" relate directly to the words "lapse of time shall be no bar to the filing of the mandate in the trial court." So far as subdivision (3) is concerned, subdivision (4) states that other than as provided in subdivision (3) of that section, lapse of time shall be no bar to the filing of the mandate in the trial court. In effect subdivision (4) is a legislative construction of subdivision

4

(3) to mean that the barring of a new trial or hearing by lapse of time is also a bar to the filing of the mandate in the trial court. The filing of the mandate without reinstatement of the case is not authorized. The failure to file the mandate in the Circuit Court did not affect the validity and binding force of the judgment of this court as to the questions determined. Chicago Theological Seminary v. People, 189 Ill. 439.

The order of the Circuit Court of Cook County is affirmed.

Order affirmed.

NIEMEYER, P. J. and FRIEND, J., concur.