Mary Busser, Appellant, v. Donald Noble, Harold K. Pieper, Administrator of the Estate of Donald E. Pieper, Deceased; Jack Schlueter, Harold F. Considine, John L. Moore, Ruth K. Carney, Frank Dempsey and Violet Dempsey, Appellees.

Gen. No. 11,522.

Second District, First Division.
September 12, 1961.
Rehearing denied October 9, 1961.

George F. Nichols, of Dixon, and Eaton & Leemon, of Mt. Carroll, for appellant.

Burrell & Holtan, of Freeport; Dixon, Devine & Ray, and Dixon & Gunner, of Dixon; Moran, Klockau, McCarthy, Schubert & Henss, of Rock Island, and Foltz, Haye & Keegan, of Rockford, for appellee.

DOVE, J.

On April 29, 1959 this court, upon an appeal by Mary Busser, the plaintiff, reversed the judgment of the circuit court of Lee County in favor of the defendants and remanded the cause to the circuit court for a new trial. On October 7, 1959 defendants-appellees' petition for a re-hearing was denied. (Busser v. Noble, 22 Ill App2d 433, 161 NE2d 150.)

Following the denial of appellees petition for a rehearing no further steps were taken by any of the

parties until December 9, 1960. On that day one of the defendants, Donald Noble, filed his verified motion with the clerk of the circuit court of Lee County in which he averred that no mandate had ever been requested by anyone from this court and that no mandate had ever been issued by the clerk of this court or filed in the circuit court of Lee County. By this motion, defendant Donald Noble, prayed for an order striking the case from the docket of the circuit court.

On December 12, 1960, Donald Noble's co-defendants filed an identical motion likewise praying that the cause be stricken from the docket. On December 15, 1960, the plaintiff, Mary Busser filed her motion in the circuit court praying for an order granting her leave to file a mandate in accordance with the judgment of this court entered on April 29, 1959.

Upon a hearing of these several motions the circuit court entered an order granting the motions of the defendants to strike and overruling the motion of the plaintiff for leave to file the mandate of this court in the circuit court. To reverse this order plaintiff, Mary Busser, again appeals.

In support of her motion asking leave to file the mandate of this court plaintiff filed an affidavit of one of her counsel which recited that he was an employee of the law firm of Warner & Warner, who were the attorneys of record for the plaintiff in this cause; that the health of H. C. Warner, one of the members of this firm, "rapidly deteriorated" in the fall of 1959 and his death occurred on April 12, 1960. Affiant therefore, concluded, that because of the deterioration in health of Mr. Warner and his subsequent death the filing of the mandate in this cause "was inadvertently omitted."

The applicable provisions of the Practice Act required the mandate of this court to be filed in the circuit court within one year after the judgment of the reviewing court became final but appellant insists that this provision was not a mandatory provision but a dis-

183

cretionary one and that, in view of the circumstances of this particular case, the trial court abused its discretion in denying appellant leave to file in the trial court, the mandate of this court.

Our present Practice Act provides that if any cause is remanded for a new trial or hearing the reviewing court shall issue its mandate reversing and remanding the cause directly to the trial court. Upon the filing of the mandate in the trial court, the cause or proceeding shall be reinstated therein, upon 10 days notice being given to the adverse party or his attorney (Ill Rev Stats 1959, c 110, § 88, sub-par (2)). The following paragraph provides: "No new trial or hearing shall be had by reason of the reversal of any judgment, order or decree, unless the mandate is filed in the trial court within 1 year after the judgment, order or decree of the reviewing court has become final, either through the denial of a petition for rehearing or the expiration of the time within which a petition for re-hearing might have been filed." (Ill Rev Stats 1959, c 110, § 88, sub-par (3).) Sub-par (4) of the same section provides that "other than as provided in subdivisions (2) and (3) of this section no notice of the filing of the mandate of the reviewing court need be given, and lapse of time is not a bar to the filing of the mandate in the trial court."

Prior to the adoption of our present Practice Act the statute provided that if neither party to the litigation filed in the trial court a transcript of the reversal and remandment order of the reviewing court within two years from the time of making the final order of the Supreme or Appellate Court, as the case may be, the cause should be considered as abandoned and no further action could be taken therein. (Smith-Hurd Ill Rev St 1927, c 110, § 114.)

The cases decided under the provisions of the former Practice Acts uniformly held that it was by filing

184

the mandate of the reviewing court in the trial court that the trial court again obtained jurisdiction over the subject matter of the suit and that jurisdiction over the person of the adverse party was only acquired either by his voluntary appearance in the lower court or by giving him the required ten day statutory notice. The authorities were also uniform in holding that where a party desired to prosecute a case further, where there had been a reversal and remanding order by an appellate tribunal, such party must file a transcript of the reversal and remanding order in the trial court within two years from the time of the making of the final order of reversal by the reviewing court. Failure to so file such a mandate operated as an abandonment of the particular suit in which the judgment of reversal and remandment was made. (Koon v. Nichols, 85 Ill 155, 156; Austin v. Dufour, 110 Ill 85, 87, 88; Snell v. Weldon, 243 Ill 496, 516, 533, 90 NE 1061; Carlin v. Grand Trunk Western R. Co., 189 Ill App 489; Marks v. Metzger Linseed Oil Co., 113 Ill App 475; Watkins v. Dunbar, 318 Ill 174, 177, 149 NE 14; Public Utilities Commission v. Smith, 298 Ill 151, 162, 131 NE 371.)

It was formerly provided that when any cause was remanded by the Supreme or Appellate Court, any person was entitled to have a transcript of such order, duly certified by the clerk of such court, upon payment to the clerk of the costs made by such party in the Supreme or Appellate Court and the fees for making such transcript. (Ill Rev St (Hurd) 1891, c 110, § 93.) At the present time Rule 45 of the Supreme Court directs that final process in that court shall issue as of course, at the close of each term of court. This rule further provides that the issuance of final process in Appellate Courts is governed by the rules of those courts. Rule 16 of this court provides in part that mandates may issue after 15 days have elapsed after

185

the entry of the judgment of this court if no petition for re-hearing is to be filed.

■ ■ In Kaplan v. Joseph, 125 F2d 602, the circuit court of appeals for the seventh circuit said: (p 607) "As we understand the practice, a mandate from the Illinois Appellate Court does not issue as a matter of course. Either party may procure the mandate, file it in the trial court, and have the cause reinstated." Unlike the practice in the Supreme Court, mandates from this court do not issue as of course, but only upon request. If the request is made by either party or counsel no charge is made if the filing fee of appellant and the appearance fee of appellee have been paid.

■ The mandate is the judgment of the reviewing court transmitted to the lower court. It is the timely filing of the mandate of the reviewing court which reinstates the case in the trial court and reinvests that court with jurisdiction and the limitation period begins to run from the time the judgment of the reviewing court has become final, either through the denial of the petition for re-hearing or the expiration of the time within which a petition for rehearing might have been filed. (Ill Rev Stats 1959, c 110, § 88(3); Continental Paper Grading Co. v. Fisher and Associates, 13 Ill App2d 1, 140 NE2d 526.) See Little v. Chicago Woman's Bowling Ass'n, 344 Ill App 65, 99 NE2d 738, which was determined prior to the amendment to the Civil Practice Act effective January 1, 1956.

■ ■ In order to allow the mandate in this case to be filed after a period of one year, we would be required to construe the applicable provisions of the Practice Act as discretionary and also find that the facts set forth in counsel's affidavit filed in support of plaintiff's motion for leave to file this mandate were sufficient to warrant us in exercising that dis-

cretion. The language of sub-paragraph (3) of Section 88 is too plain to permit such a construction. This section is a definite time limitation. It states, in the clearest language, that "no new trial or hearing shall be had by reason of the reversal of any judgment, order or decree, unless the mandate is filed in the trial court within 1 year after the judgment, order or decree of the reviewing court has become final."

The judgment of the trial court is correct and must be affirmed.

Judgment affirmed.

SMITH, P. J. and McNEAL, J., concur.