Betty Jane Kuhlman, Administratrix of the Estate of
Guy E. Redman, Deceased, Plaintiff-Appellant, v.
Russell Eugene Cotter, Defendant-Appellee.

Gen. No. 67–29.

Third District.

March 6, 1968.

Hall, Borkenhagen & Gustafson, of LaGrange, for appellant.

Stifler & Snyder, of Danville, and Bell, Smith & Dannehl, of Watseka, for appellee.

ALLOY, P. J.

This action originated in consequence of a motor vehicle accident which occurred on December 9, 1960, and resulted in the filing of an action by Betty Jane Kuhlman as Administratrix of the Estate of Guy E. Redman, deceased, on July 31, 1961. In a trial of this action, the jury had returned a verdict in favor of defendant, Russell Eugene Cotter, on June 28, 1962. On July 9, 1963, the trial court allowed plaintiff's motion for a new trial. Thereafter, defendant petitioned for leave to appeal to the Appellate Court. This petition for leave to appeal was denied on October 19, 1963. The mandate of the Appellate Court denying the petition for leave to appeal was filed in the trial court on November 13, 1964, one year and 25 days following the entry of decision in the Appellate Court. The case was redocketed and defendant filed a motion to dismiss the action because the mandate was filed in the trial court more than one year after its issuance by the Appellate Court. The motion to dismiss was filed on November 13, 1964, the date of the filing of the mandate. A memorandum decision of the trial court granting the motion to dismiss was filed in the trial court on February 7, 1967. The stated cause for granting of the motion

to dismiss was that plaintiff had failed to file her mandate from the Appellate Court in the trial court within one year from the date of entry of the ruling of the Appellate Court denying the petition for leave to appeal from the order granting a new trial.

In this court, appellant had supplemented the record by filing a copy of the notice of appeal pursuant to leave of court which was filed without objection from appellee. Nearly three months later, appellee filed a motion to dismiss the appeal on the ground that the appellant had failed to comply with the Supreme Court Rules and the Appellate Court Rules in not submitting a report of proceedings upon notice to the trial judge and in not advising appellee of the date of filing of the record on appeal, and also that the record on appeal did not include the copy of the notice of appeal referred to.

 There is no requirement under the Supreme Court Rules (Supreme Court Rule 321) that the record on appeal contain a transcript of proceedings unless review is requested of matters required to be included therein. The record on appeal before us does not contain a transcript of proceedings since the judgment appealed from relates only to a question of the law in a written decision of the trial court which was made part of the common-law record. For the purposes of appeal, the record on appeal is adequate. There is also a showing in this court that appellee was given notice of the filing of the record on appeal in timely and appropriate manner. The addition of the copy of the notice of appeal under Rule 366 of the Supreme Court Rules (which was made without objection on part of the appellee) was clearly within the power of this court on review. The motion to dismiss the appeal will, therefore, be denied.

The basic significant issue presented in this case is whether the statute (§ 88, c 110, 1965 Ill Rev Stats) require that the mandate of the Appellate Court be filed in the trial court within one year in order to permit the

trial court to proceed in a civil case, when the Appellate Court has entered an order denying the petition for leave to appeal from an order granting a new trial. The pertinent provisions of the statute are as follows:

"MANDATE OF REVIEWING COURT FILED IN THE TRIAL COURT—NEW TRIAL OR HEARING.

"(1) If an appeal is dismissed, or a judgment, order or decree is affirmed, then upon the filing of the mandate of the reviewing court in the office of the clerk of the court from which the case was originally removed execution may issue and other proceedings may be had in all respects as if no appeal had been taken.

"(2) If any cause is remanded for a new trial or hearing, the reviewing court shall issue its mandate reversing and remanding the cause directly to the trial court. Upon the filing of the mandate in the trial court the cause or proceeding shall be reinstated therein, upon 10 days' notice being given to the adverse party or his attorney. Service of the notice may be made upon any party personally, whether found within or without the State, or upon the attorney of record of the party in the trial court in any manner provided for service of papers upon attorneys, or as the trial court may direct.

"(3) No new trial or hearing shall be had by reason of the reversal of any judgment, order or decree, unless the mandate is filed in the trial court within 1 year after the judgment, order or decree of the reviewing court has become final either through the denial of a petition for rehearing or the expiration of the time within which a petition for rehearing might have been filed.

"(4) Other than as provided in subdivisions (2) and (3) of this section, no notice of the filing of the mandate of the reviewing court need be given, and lapse of time is not a bar to the filing of the mandate in the trial court."

Other provisions of significance appear at chapter 110, § 101.30 and § 201.22, 1965 Illinois Revised Statutes. These sections provided as follows:

"If the petition is granted, the proceedings are stayed upon the filing of bond by the petitioner in an amount, and subject to conditions, to be fixed by the court, or a judge thereof in vacation. The case is then pending on appeal. Within 48 hours after the granting of the petition, the clerk shall send notice thereof to the clerk of the trial court."

It should be noted that this case is being determined on the basis of the statutory provisions then in existence and prior to the adoption of Illinois Supreme Court Rules 368 and 369 (requiring automatic issuance of mandate by the clerk of the reviewing court). The problem would not arise in this fashion under the present provisions for automatic filing of mandate by the clerk of the court on review as provided in current rules.

Under the statute and previous rules, a mandate was required to be filed following a decision of the Appellate Court in cases where there has been an appeal (other than from an order granting a new trial) and where the court of review has reversed and remanded the case. In such cases it was required that the mandate be filed within the one-year period if the successful party wished to avail himself of the relief granted by the court of review. In Busser v. Noble, 32 Ill App2d 181, 177 NE2d 251, the trial had resulted in a judgment for the defendant. Plaintiff appealed and the Appellate Court reversed and remanded the case to the Circuit Court for a new

trial. The mandate of the Appellate Court was not filed with the trial court within one year from the date on which the petition for rehearing in the Appellate Court was denied. On motion of defendant, the court ordered the cause to be stricken from the docket and refused to allow the plaintiff to file the mandate after the one-year period had expired. In that case the plaintiff attempted to show illness of the attorney who prosecuted the appeal as his excuse for filing the mandate after the one-year period but the court held that there was no discretion to allow the mandate to be filed after the one-year period. In that case the court explained the reason for filing of the mandate (Busser v. Noble, supra, at page 186) by referring to the fact that the mandate is the judgment of the reviewing court which is transmitted to the lower court. The court stated specifically:

> "It is the timely filing of the mandate of the reviewing court which reinstates the case in the trial court and reinvests that court with jurisdiction and the limitation period begins to run from the time the judgment of the reviewing court has become final, either through the denial of the petition for rehearing or the expiration of the time within which a petition for rehearing might have been filed. (Ill Rev Stats 1959, c 110, § 88(3).)"

The court had thus concluded that where a case is appealed in the ordinary sense the trial court would lose jurisdiction of the case. The mandate from the Appellate Court is thereafter filed and this restores jurisdiction in the trial court and permits such court to proceed with the case as directed by the Appellate Court (Continental Paper Grading Co. v. Howard T. Fisher & Associates, Inc., 13 Ill App2d 1, 140 NE2d 526). In the Continental Paper Grading case, a petition for rehearing was denied in the Appellate Court on July 26, 1954. One of the parties attempted to file the mandate in the trial court on Novem-

ber 4, 1955. The trial court refused to allow the mandate to be filed and this was affirmed in the Appellate Court with the observation that the failure of the appellant to offer the mandate for filing until November 4, 1955, was a delay beyond the permitted statutory period.

The case before us, however, presents a different question. The problem is whether a petition for leave to appeal from an order granting a new trial is governed by the same statutes and by the same considerations. The question specifically posed is whether a petition for leave to appeal from an order granting a new trial deprives the trial court of jurisdiction of the case when the petition is filed or whether the trial court loses jurisdiction of the case when the leave to appeal is granted. If the trial court would lose jurisdiction of the case when the petition is filed, then it would be logical to assume that the provisions relating to filing of the mandate within the one-year period would be applicable to revest jurisdiction in the trial court. If, however, the trial court does not lose jurisdiction until the leave to appeal is granted, then the filing of the mandate within the one-year period would not be necessary since the trial court never lost its jurisdiction of the case.

 Under Appellate Court Rule 22 (c 110, § 201.22, 1965 Ill Rev Stats) there is a recognition that no actual appeal divesting the trial court of its jurisdiction is involved in the leave to appeal procedure unless and until the leave to appeal is granted. In that Rule it is specifically provided that application for leave to appeal from an order granting a new trial shall be by petition accompanied by a transcript of portions of the record of the trial court necessary to present the questions for review, etc. It then specifically provides:

> "If the petition is granted, the proceedings are stayed upon the filing of bond by the petitioner in an amount, and subject to conditions to be fixed by

481

the court, or a judge thereof in vacation. *The case is then pending on appeal.* (Emphasis ours.) Within 48 hours after granting of the petition, the clerk shall send notice thereof to the clerk of the trial court."

It is apparent from the Rule that prior to the stay of any proceedings, two conditions must be fulfilled. Primarily, the petition must be granted and, secondarily, the petitioner must then file a bond. The case is then pending on appeal. The trial court obviously loses its jurisdiction over the case at that time because at that time "the proceedings are stayed." There would be no point in the provisions of this Rule and the requirement that a notice be sent to a trial court within the very short period of 48 hours if the trial court had already been deprived of jurisdiction. It is apparent, therefore, that the trial court still retains jurisdiction unless and until the petition for leave to appeal is granted.

In the case of Richichi v. City of Chicago, 49 Ill App 2d 320, 199 NE2d 652, the court interpreted the legal effect of a motion for new trial. While the interpretation of § 88 of the Civil Practice Act referred to in this opinion is not involved, the case is a valuable precedent in determining the issue of the effect of granting a new trial. In the Richichi case the plaintiff first sued a man named Bielski for injuries occasioned as a result of an arrest, and obtained a $40,000 judgment in 1957. Bielski obtained an order for a new trial on the basis of newly discovered evidence. The new trial was never held. Later, plaintiff Richichi and Bielski both joined in an action against the City of Chicago for indemnity, and as part of this proceeding, the original judgment against Bielski was reinstated. To accomplish such reinstatement the order for a new trial granted to Bielski was vacated several years after it had been entered. The City of Chicago

contended that the order for a new trial was a final order and could not be vacated after one year. The Appellate Court concluded that the new trial order was not a final order even though the statute (then § 77, c 110, 1965 Ill Rev Stats) authorized an appeal from an order granting a new trial. In the Richichi case the court stated, at Page 324:

"However, this 'finality' is conditioned upon leave to appeal being allowed by a court of review; the order is not final in the sense of terminating the jurisdiction of the trial court."

The Appellate Court in the Richichi case, therefore, concluded that the jurisdiction of the trial court is not terminated unless and until leave to appeal has been granted where a petition for leave to appeal is filed from an order granting a new trial. While there was no direct decision of the problem before us, the conclusion of the Appellate Court is consistent with the interpretation which we have outlined, that the trial court retains jurisdiction until leave to appeal is actually granted where a petition for leave to appeal is filed from an order granting a new trial.

A supplementary contention is made by appellee to the effect that if the provisions of § 88 referred to in this opinion are applicable only to cases where a new trial is ordered by the reviewing court or to cases where a petition for leave to appeal has been granted, that said § 88 is unconstitutional in defining a class of litigants to which it applies. We find no substance in this contention since the problem is one of jurisdiction. If the trial court does not lose jurisdiction of the case until leave for appeal is granted, the provisions of § 88 would not be applicable because its provisions apply only when there is actually an appeal pending as shown by the provisions of the act set forth in this opinion. There would, therefore, be a

valid basis for distinction, and the act would not be unconstitutional. It is also difficult for us to rationalize the contention made by appellee, since if § 88 were unconstitutional and inapplicable, then appellee's position would be untenable since there is no basis for the contentions advanced by appellee other than through § 88 referred to.

It is, therefore, our conclusion that the denial of the petition for leave to appeal the order granting the new trial by the Appellate Court, did not at any time deprive the court of jurisdiction, and that the trial court was vested with the right and obligation to proceed to a trial in this cause without the filing of a mandate.

We renew again our cautionary reference to Supreme Court Rules 368 and 369 providing for automatic filing of the mandate by the clerk of the reviewing court. Under such Supreme Court Rules the issue which is before us in this case would not arise.

The order of the trial court of February 2, 1967, dismissing the cause before us is hereby reversed and this cause is remanded to the Circuit Court of Iroquois County for a new trial and proceedings consistent with this opinion.

Reversed and remanded with directions.

STOUDER and HOFFMAN, JJ., concur.