WILLIAM E. RUSSELL, Plaintiff-Appellant, *v.* REUBEN I. KLEIN *et al.,* Defendants-Appellees.

(No. 57558;

First District (5th Division)—September 28, 1973.

*Rehearing denied October 24, 1973.*

Moriarty, Rose & Hultquist, Ltd., of Chicago, (Maurice James Moriarty, Robert C. Hultquist, and Joseph M. Ladd, of counsel,) for appellant.

George B. Collins and Jeffrey Schulman, both of Chicago, (Collins & Amos, of counsel,) for appellees.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

On September 23, 1966, a judgment by confession was entered in favor of the plaintiff, William Russell (Russell), and against the defendants, Yvonne Klein (Mrs. Klein) and her husband, Reuben Klein, in the sum of $75,316.84. On June 9, 1970, defendants filed a motion to vacate the judgment alleging that it had been satisfied by an oral agreement between Russell and Mrs. Klein in late 1967 which had been duly performed by Mrs. Klein. The motion to vacate was amended so as to read "a motion for entry of order of satisfaction of judgment." The cause was heard by the court sitting without a jury, and on March 24, 1972, it was ordered that plaintiff's judgment had been satisfied. Plaintiff filed a notice of appeal on April 3, 1972. On April 28, 1972, defendants requested that plaintiff return $22,000 which they had previously given to plaintiff as partial satisfaction of the judgment. The court granted the requested relief and on April 28, 1972, entered judgment in favor of the defendants and against plaintiff for $24,880 ($22,000 plus interest). On May 10, 1972, plaintiff filed an amended notice of appeal.

On appeal plaintiff contends that: (1) defendants' request for an order of satisfaction of judgment was an action under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72) and therefore barred by the two year limitation provision therein (Ill. Rev. Stat. 1971, ch. 110, par. 72(3)); (2) the alleged oral contract which defendant relied upon was unenforceable because it was in violation of the Statute of Frauds; (3) the findings of the trial court were against the manifest weight of the evidence; and (4) the trial court had lost jurisdiction over the matter

prior to the time it entered judgment in favor of the defendants for $24,880.

In 1964 Mrs. Klein was the owner of a newly built apartment complex in Mount Prospect, Illinois, called the Galaxy Apartments. She planned to construct six additional apartment buildings on the site and to this end sought financial help from Russell. From September 1965 to December 1965 Russell issued six checks to Mrs. Klein totaling $67,800. Mrs. Klein claims that this sum was advanced to her as part of a joint venture between herself and Russell. Russell claims the sum was a loan to Mrs. Klein and that no joint venture ever existed.

Mrs. Klein testified that the joint venture agreements was reached over the course of several meetings in the summer of 1965. The terms of the agreement were as follows: that Russell was to supply the venture with funds, his financial statement and good name; that she would contribute her existing equity in the project; that Russell was to receive his capital back before she would; and that they would share equally in the profits. At least part of the above agreement was reached in September 1965 at the apartment of Marie Farella, an employee of Mrs. Klein at the time. Y-K Builders, Inc., a construction company owned by Mrs. Klein, was to serve as general contractor on the project. Pursuant to the agreement Russell arranged for a meeting with Dwinn-Shaffer and Co., a mortgage banker, to secure permanent financing. Two mortgage applications were filled out; the first was signed by both Mrs. Klein and Russell and the second by only Mrs. Klein. Russell gave Dwinn-Shaffer and Co. his check for $6500, its fee. This was the first of the six checks referred to earlier which were advanced by Russell. The other five checks were issued to Mrs. Klein for mortgage fees, interest payments on a loan of Mrs. Klein's and for building permits. Mrs. Klein further testified that from December 1965 to January 1966 Russell took part in selecting subcontractors for the project. Construction began in early 1966. In March 1966 Mrs. Klein told Russell that she needed more money. Russell told her that he wanted to withdraw from the venture. At Russell's request Mrs. Klein and her husband signed a note payable to Russell for $68,000. It was back-dated to December 1, 1965, because of advice Russell had received from his attorney. (Plaintiff's exhibit #2, a letter from Mrs. Klein to Russell which accompanied the note, reads as follows: "Enclosed is a note for a loan of $58,000.00." The error in the amount set forth, i.e., $58,000 as opposed to $68,000, was subsequently acknowledged by Mrs. Klein.)

Marie Farella, the resident manager of the Galaxy Apartments in 1965 and 1966, testified for the defendants. She is no longer employed by Mrs. Klein. In September 1965 she was present during a conversation

between Mrs. Klein and Russell at the Galaxy Apartments. Russell mentioned that he was an equal partner with Mrs. Klein and that he was to supply $60,000 to $65,000. The witness saw Russell at the complex many times in late 1965. He and Mrs. Klein disagreed as to the color of bricks to be used and the appropriate subcontractor for the installation of windows. Russell supplied the site with a construction trailer. In January 1966, in the trailer, Mrs. Klein told Russell that a trust agreement would be drafted which would not reveal Russell as a partner. Russell said this would conform to his wishes.

William Russell testified that he and Mrs. Klein were both shareholders in R.S.P. Enterprises, Inc., which manages real estate. From September 1965 to December 1965 he made loans to Mrs. Klein who had told him that she was quite wealthy but needed $60,000 to $70,000 in ready cash. He issued checks to Mrs. Klein and made notations regarding the purpose for which funds were advanced. Mrs. Klein promised to repay Russell from the first proceeds of the project. The loan was made at the going rate of interest (7%) and with the expectation that R. S. P. Enterprises, Inc., would have the leasing and managing rights to the apartments. The note, plaintiff's exhibit #1, did bear 7% interest. Russell denied the existence of the joint venture and denied that he frequently visited the construction site or argued about which subcontractors to use. He did lend Mrs. Klein a construction trailer as an act of friendship.

After Mrs. Klein gave the note to Russell, she unsuccessfully attempted to secure financing for the project. Mechanics' liens were filed against the project in the fall of 1966 and litigation ensued. Meanwhile, on September 23, 1966, Russell obtained a judgment by confession against the Kleins on the note they had signed in the amount of $75,316.84 (which included interest and attorneys' fees). Mrs. Klein testified that she first became aware of the judgment when it turned up on her credit report when she sought further financing for the project. In June 1967 Thomas Coneely, Russell's attorney, initiated citation procedings to discover Mrs. Klein's assets, but they were terminated after unsuccessful attempts to obtain certain financial documents from Mrs. Klein.

In the fall of 1967 litigation regarding the mechanics' liens was still in progress and Mrs. Klein testified that she informed Russell that attorneys for creditors of the joint venture were trying "to pierce the corporate veil" and impose personal liability against her. She further testified that in late fall of 1967 she told Russell of her plan to turn over all completed portions of the project to the creditors to avoid further litigation; that Russell would not be exposed to liability if she did this, but that he would have to release her from the judgment against her; and that Russell agreed to do so. The agreement was not reduced to

writing. Russell testified that the above alleged conversations never took place, and that no agreement to release his judgment occurred.

The mechanics' liens were settled in court on December 1, 1967. Mrs. Klein gave up her interest in the project and the cases were dismissed. Russell's name was not included in any of the releases she received from the creditors. Mrs. Klein testified that all of the joint-venture creditors had been satisfied but admitted that a lawsuit involving a $12,100 note made payable to Dwinn-Shaffer and Co., and assigned to Baird & Warner, Inc., was still pending against her. Russell was not named as a defendant in that suit.

There was no contact between the parties until February 1970 when Russell initiated citation proceedings against Mrs. Klein's husband. The proceedings were dismissed on March 30, 1970, upon motion of the Klein's attorney. On May 13, 1970, Thomas Coneely accompanied a Cook County deputy sheriff to levy on the furniture at Mrs. Klein's residence. Coneely spent several hours at the home and demanded payment on the judgment or her furniture. Mrs. Klein consulted with her attorney by phone and was able to borrow $22,000 the same day and forestall the levy by payment of this sum on account to Coneely as agent for Russell.

Thereafter, on June 9, 1970, Mrs. Klein filed a motion to vacate the confession of judgment of September 27, 1966. On January 27, 1971, the motion was withdrawn and a motion for the satisfaction of judgment was substituted therefor. Both motions alleged: (1) the existence of a joint venture between Mrs. Klein and Russell; (2) the failure of the venture; (3) an oral agreement that Mrs. Klein discharge all the joint venture debts in return for Russell's promise to forgive the judgment of September 27, 1966; and (4) performance by her of the agreement. On March 24, 1972, the court found that there had been a joint venture, an agreement in satisfaction of the Russell judgment and performance of that agreement by Mrs. Klein. The sequence and the substance of the orders entered pursuant to these findings are set forth in the first paragraph of the opinion, supra.

OPINION

Plaintiff first contends that defendants' motion for satisfaction of judgment is controlled by section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72) and is barred by the two year limitation provision therein.

■■ A motion or petition for satisfaction of judgment is the equivalent in this state to the common law writ of *audita querela*. (*Handel v. Curry*, 254 Ill.App. 36.) This writ was used to prevent the enforcement of a judgment when such would be unjust "because of matters arising subsequent to its rendition, or because of prior existing defenses that

were not available to the judgment debtor in the original action because of the judgment creditor's fraudulent conduct or through circumstances over which the judgment debtor had no control." (*American Nat. Bank & Trust v. Penn. R.R. Co.*, 40 Ill.2d 186, 188, 238 N.E.2d 385, citing 7 Am.Jur.2d 281.) The cases are clear that the writ was used by a judgment debtor to procure an order showing that the judgment had been satisfied after its entry. *Handel v. Curry*, 254 Ill.App. 36; *Handley v. Moburg*, 266 Ill.App. 356; *Bower, Inc. v. Silverstein*, 298 Ill.App. 145; *Stoecklin v. Paulos*, 16 Ill.App.2d 240, 147 N.E.2d 687.

■■ The remedy provided by *audita querela* is now encompassed in section 72(1) which reads as follows:

> "(1) Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section. Writs of error coram nobis and coram vobis, *writs of audita querela*, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for said relief heretofore available, either at law or in equity, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered. * * *." (Emphasis supplied.)

■■ In the case at bar defendants seek to show that an oral contract between Mrs. Klein and Russell and subsequent performance thereof by Mrs. Klein was in satisfaction of Russell's $75,316.84 judgment against them. This is clearly a request for relief in the nature of a writ of *audita querela* and is therefore governed by Section 72. Defendants, in proffering their theory as to why Section 72 does not control here, state that *audita querela* is distinguishable from a motion to compel satisfaction in that the former applied only where the judgment debtor had satisfied the judgment creditor *prior* to entry of the judgment, but this fact was not brought to the court's attention, whereas the latter applied where satisfaction had occurred *after* the entry of judgment. However, as may be readily observed from the above cited cases, the suggested distinction has no precedential basis. *Audita querela* is the equivalent of a motion to compel satisfaction and applies to situations (like the one present here) where a party seeks to show satisfaction of judgment after its rendition.

Section 72(3) (Ill. Rev. Stat. 1971, ch. 110, par. 72(3)) provides:

> "(3) The [Section 72] petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or

duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

■■ Russell obtained his judgment by confession against the defendants on September 23, 1966. The alleged oral contract upon which defendants base their claim of satisfaction was entered into in the fall of 1967. Defendants' motion for satisfaction of judgment was not filed until June 9, 1970, about three and three-fourths years after entry of the judgment, about two and three-fourths years after the oral satisfaction agreement was allegedly entered into, and about two and one-half years after defendant alleges to have performed her part of the agreement by settling the claims with the judgment creditors of the alleged joint venture on December 1, 1967. The motion is therefore barred by the two-year limitation provision of section 72(3) *supra*. No argument is urged by defendants that they were at any point under legal disabilities or duress, or that plaintiff was guilty of fraud in concealing the basis of relief from them. Quite the contrary, defendants obviously were aware of the basis of relief after the fall of 1967 because Mrs. Klein was privy to the alleged contract upon which relief is claimed. Therefore, the court erred in granting defendants' motion for satisfaction of judgment and also for entering the related order, after notice of appeal was filed, requiring plaintiff to return $24,880 ($22,000 plus interest) to defendants which had previously been paid to plaintiff as partial satisfaction on his confession judgment.

In view of the position we have taken above, it will be unnecessary to address the other contentions raised by plaintiff on appeal.

The judgment of March 24, 1972, satisfying the judgment of September 23, 1966, is reversed and the judgment of April 28, 1972, in favor of defendants and against plaintiff for $24,880 is also reversed.

Reversed.

ENGLISH and LORENZ, JJ., concur.