(No. 46309.—)

WILLIAM E. RUSSELL, Appellee, v. REUBEN I. KLEIN *et al.,* Appellants.

*Opinion filed September 27, 1974.*

George B. Collins, of Collins & Amos, of Chicago, for appellants.

Moriarty, Rose & Hultquist, Ltd., of Chicago (Maurice James Moriarty, Robert C. Hultquist, and Joseph M. Ladd, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, William Russell, appealed from the judgment of the circuit court of Cook County which ordered that a judgment which was entered on September 23, 1966, in favor of plaintiff, and against the defendants, Reuben I. Klein and Yvonne Klein, be deemed satisfied as of December 1, 1967, and from the judgment entered in favor of defendants and against plaintiff in the amount of $24,480. The appellate court reversed (14 Ill. App. 3d 856) and we allowed defendants' petition for leave to appeal. The appellate court summarized the proceedings in the circuit court as follows: "On September 23, 1966, a judgment by confession was entered in favor of the plaintiff, William Russell (Russell), and against the defend-

ants, Yvonne Klein (Mrs. Klein) and her husband, Reuben Klein, in the sum of $75,316.84. On June 9, 1970, defendants filed a motion to vacate the judgment alleging that it had been satisfied by an oral agreement between Russell and Mrs. Klein in late 1967 which had been duly performed by Mrs. Klein. The motion to vacate was amended so as to read 'a motion for entry of order of satisfaction of judgment.' The cause was heard by the court sitting without a jury, and on March 24, 1972, it was ordered that plaintiff's judgment had been satisfied. Plaintiff filed a notice of appeal on April 3, 1972. On April 28, 1972, defendants requested that plaintiff return $22,000 which they had previously given to plaintiff as partial satisfaction of the judgment. The court granted the requested relief and on April 28, 1972, entered judgment in favor of the defendants and against plaintiff for $24,880 ($22,000 plus interest). On May 10, 1972, plaintiff filed an amended notice of appeal." (14 Ill. App. 3d 856, 857.) The facts are adequately stated in the appellate court opinion and need not be restated here.

In reversing the judgments the appellate court held that the remedy which defendants had sought in the circuit court was, at common law, provided by the writ of *audita querela* and is now encompassed by section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72), and that defendants' motion, filed on June 9, 1970, for satisfaction of the judgment rendered on September 2, 1966, was therefore barred by the two-year limitation provided in section 72. Because of the conclusion reached concerning that issue the appellate court found it "unnecessary to address the other contentions raised by plaintiff on appeal."

Defendants contend that the procedure to compel satisfaction of the judgment was not governed by section 72 and that its limitation provision does not apply. Plaintiff contends that "the language of section 72(1) encompassed both the writ of *audita querela* and the

modern motion practice arising from that writ" and that the appellate court correctly held that the motion was barred by the limitation provision.

Section 72, in pertinent part, provides:

"(1) Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section. Writs of error coram nobis and coram vobis, writs of audita querela, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for said relief heretofore available, either at law or in equity, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered. There shall be no distinction among actions at law, suits in equity and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable.

\* \* \*

(3) The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

At common law the writ of *audita querela* was in some cases available to a judgment debtor seeking to set aside a judgment on the basis of fraud or other misconduct on the part of the judgment creditor, prior to its rendition, and was also available to seek relief from the consequences of a judgment because of matters arising subsequent to its rendition, such as discharge, payment or other satisfaction. (See Davis, *The Scope of Section 72 of the Civil Practice Act,* 55 Ill. B.J. 820, 823 (1967).) In *American National Bank and Trust Co. v. Pennsylvania R.R. Co.,* 40 Ill.2d 186, discussing the writ of *audita querela,* the court at page 188 said: "The function of that writ at common law was to prevent the enforcement of a judgment when enforcement would be unjust 'because of matters arising

subsequent to its rendition, or because of prior existing defenses that were not available to the judgment debtor in the original action because of the judgment creditor's fraudulent conduct or through circumstances over which the judgment debtor had no control.' (7 Am. Jur. 2d 281.)" 40 Ill.2d 186,188.

The writ, however, does not appear to have been used in this jurisdiction. In *Harding v. Hawkins,* 141 Ill. 572, in which the judgment debtors sought satisfaction of a judgment on the ground that it had been paid the court said: "The remedy at common law would have been *audita querela,* (Com. Dig. title A; Bacon's Abr. title Audita Querela; 3 Blackstone's Com. 406,) or the defendant had a right to demand a warrant to some attorney of the court, authorizing him to enter up satisfaction on the roll. (*Bryley v. Sugg,* 1 Dev. & B. 366; 1 Archbold's Pr. 325; 2 Saund. Pr. Cas. 713.) In most of the States the use of the writ *audita querela* has been superseded by the more summary mode of application to the court for relief by motion. (Am. and Eng. Ency. of Law, 1008.) It also seems to have fallen into disuse in England, although perhaps revived within a later date. (3 Blackstone's Com. 406; *Sutton v. Bishop,* 4 Burr. 2286.) We are not aware that the writ has been resorted to in this State, the more convenient and less expensive mode of proceeding by motion having been adopted in its stead. (*People ex rel. Illinois Midland Ry. Co. v. Supervisor of Barnett,* 91 Ill. 422.) \*\*\* Both of these remedies were, as we have seen, provided by the common law. In this State, where a judgment is in fact paid, the court, on motion, may stay further proceedings and compel the entry of satisfaction of record." 141 Ill. 572, 583-584.

Plaintiff argues that there is no basis for "distinguishing between the relief afforded by *audita querela* and the relief obtainable by the modern motion practice which was its offspring." He contends that the language of section 72(1) is "all-encompassing," abolishes the pre-existing remedies and provides an exclusive remedy. We do

not agree. Although section 72 abolishes enumerated common-law remedies, provides that relief "may be had upon petition as provided in this section," and that all grounds for relief heretofore available "whether by any of the foregoing remedies or otherwise" are available under its provisions, it does not purport to make the remedy therein provided exclusive. We note that when the General Assembly intends that a remedy be exclusive it finds no difficulty in so stating as was done in the Administrative Review Act, section 2 of which provides:

> "In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof." Ill. Rev. Stat. 1971, ch. 110, par. 265.

"It is a familiar rule of construction that statutes in derogation of the common law cannot be construed as changing the common law beyond what is expressed by the words of such statute or is necessarily implied from what is expressed. (*Thompson v. Weller,* 85 Ill. 197; *Canadian Bank of Commerce v. McCrea,* 106 id. 281; *Cadwallader v. Harris,* 76 id. 370.) It is also a familiar rule of construction that, in construing statutes in derogation of the common law, it will not be presumed that an innovation thereon was intended further than that which is specified or clearly to be implied." *Walter v. Northern Insurance Co.,* 370 Ill. 283, 288-289.

It is clear from the language of the statute and the cases decided since its enactment that "a petition filed under section 72 *** invokes the equitable powers of the court, as justice and fairness require ***." (*Elfman v. Evanston Bus Co.,* 27 Ill.2d 609, 613.) We conclude that the clearly demonstrated intent of the statute requires us to hold that the remedy contemplated by section 72 is available for relief based on matters which antedate the rendition of the judgment and not those which arise subsequent to its rendition. The Judgments Act (Ill. Rev.

Stat. 1971, ch. 77, par. 1 *et seq.*) provides that execution on a judgment may issue within seven years of its rendition without revival by *scire facias* or otherwise (ch. 77, par. 6). To hold that a judgment debtor can seek relief from a judgment on the grounds of discharge, payment or satisfaction only under the provisions of section 72 could effect the absurd and inequitable result of applying the two-year limitation contained in section 72 to an alleged satisfaction or discharge which had not occurred by the time the limitations period had run.

For the reasons stated the judgment of the appellate court is reversed and the cause is remanded to that court for consideration of the other issues raised in plaintiff's appeal.

*Reversed and remanded.*