WILLIAM E. RUSSELL, Plaintiff-Appellant. *v.* REUBEN I. KLEIN *et al.,* Defendants-Appellees.

First District (5th Division)   No. 76-920

Opinion filed February 25, 1977.—Rehearing denied March 25, 1977.

Moriarty, Rose & Hultquist, Ltd., of Chicago (Maurice J. Moriarty, of counsel), for appellant.

George B. Collins, of Collins & Amos, of Chicago (Donald L. Bertelle, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This matter comes before this court for a fourth time on plaintiff's appeal from a judgment ordering the return to defendants of monies they had paid in partial satisfaction of a judgment obtained by plaintiff against them.

Plaintiff obtained a judgment by confession in 1966 and, after execution had issued, defendants in 1970 paid $22,000 in partial satisfaction. Thereafter, on motion of defendants, the trial court found that the 1966 judgment had been satisfied by virtue of an oral agreement between plaintiff and Yvonne Klein prior to the $22,000 payment. After plaintiff filed a notice of appeal from that judgment, defendants moved for the return of the monies, and a judgment was entered in their favor for $24,880 ($22,000 plus interest). Plaintiff then filed an amended notice of appeal to include this judgment.

In that first appeal (*Russell v. Klein* (1973), 14 Ill. App. 3d 856, 303 N.E.2d 241 (hereinafter *Russell* No. 1)), this court found that the motion for the entry of an order of satisfaction of judgment was in the nature of a writ of *audita querela* and that the remedy was encompassed by section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72) and, as a consequence, was barred by the two-year limitation provision in that section. The order satisfying the judgment was reversed as was the order requiring the return of the $22,000 with interest.

On appeal from this court's reversal of both judgments, the supreme court held that because the action was in the nature of the common law writ of *audita querela*, it was not a remedy contemplated by section 72 and, thus, the two-year limitation provision of section 72 did not apply. That court reversed " * * * the judgment of the appellate court * * *

and \* \* \* remanded \* \* \* for consideration of the other issues raised in plaintiff's appeal." (*Russell v. Klein* (1974), 58 Ill. 2d 220, 317 N.E.2d 556.) The supreme court did not discuss or enter any order with respect to the judgment for $24,880 against plaintiff, the reversal of which by the appellate court had also been appealed by defendants. Following the remandment and after considering all issues, this court affirmed the trial court's order that plaintiff's 1966 judgment had been satisfied by the oral agreement. However, this court again reversed the related money judgment for $24,880, holding a lack of jurisdiction because it had been entered after the filing of a notice of appeal. *Russell v. Klein* (1975), 33 Ill. App. 3d 1005, 339 N.E.2d 510 (hereinafter *Russell* No. 2).

A petition for rehearing was denied and a mandate issued on April 27, 1976, which in relevant part stated as follows:

> "The order appealed from of the Circuit Court of Cook County finding that the judgment by confession has been satisfied is affirmed. The money judgment entered by the Circuit Court of Cook County after plaintiff had filed his original notice of appeal is reversed \* \* \*."

Thereafter, on May 3, 1976, defendants again petitioned the trial court for the return of the $22,000, and judgment was entered for $29,865.75 ($22,000 plus interest from May 13, 1970, the date the money was paid) in favor of defendants. This appeal followed[1], with plaintiff contending (1) that defendants' right to the return of the $22,000 was litigated in *Russell* No. 2 and is thus *res judicata;* (2) that defendants' petition after our opinion in *Russell* No. 2 for the return of the money was in the nature of a common law writ of *retorno habendo* and, because the mandate contained no remanding order, the case was not reinstated in the trial court; and (3) that the judgment erroneously assessed prejudgment interest.

OPINION

Plaintiff first contends that the issues in this appeal are identical to those of *Russell* No. 2, in that both involve defendants' right to the return of the $22,000. He argues that our reversal of *Russell* No. 2 of defendants' judgment is *res judicata* on that question. We disagree.

■■ A judgment is not *res judicata* unless rendered on the merits. (*People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851; 23 Ill. L. & Prac. *Judgments* §321 (1956).) A judgment, however, is not on the merits when it is based solely on a lack of jurisdiction. (*Weiland Tool & Manufacturing Co. v. Whitney* (1969), 44 Ill. 2d 105, 113, 251 N.E.2d 242.) The filing of a proper notice of appeal causes jurisdiction of the appellate court to attach and deprives the trial court of jurisdiction. *City of Chicago v. Myers*

---

[1] Prior thereto, on the third appearance of the parties in this case, a petition for a writ of mandamus was denied.

(1967), 37 Ill. 2d 470, 227 N.E.2d 760; *Brehm v. Piotrowski* (1951), 409 Ill. 87, 98 N.E.2d 725.

■■ While *res judicata* applies to judgments of the appellate court (*Finley v. Crossley* (1953), 414 Ill. 105, 110 N.E.2d 255, the doctrine is not applicable to the matter before us, because in *Russell* No. 2, we did not make a determination on the merits concerning the rights of the parties to the $22,000. We held only that the trial court lacked jurisdiction to enter the money judgment after the notice of appeal had been filed.

■■ Nonetheless, plaintiff also contends that the trial court was precluded from entering the judgment for the return of the money since *Russell* No. 2 reversed without remanding. He argues that, after a reversal, jurisdiction could only be reinvested in the trial court by a remanding order directing some further action. In reply thereto, defendants urge that the judgment was validly entered within statutory term time, citing for support section 68.3(1) of the Civil Practice Act, which provides:

> "(1) In all cases tried without a jury, any party may, within 30 days after the entry of the decree or judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief." (Ill. Rev. Stat. 1975, ch. 110, par. 68.3(1).)

We do not believe, however, that this section has application to the facts before us. Section 68.3(1) pertains only to relief similar to the type enumerated in that section and must be "'directed against the judgment.'" (*Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, 273 N.E.2d 403, 406.) Here, defendants clearly asked for affirmative relief that arose as a consequence of, not against, the judgment.

■■■ In support of his contention, plaintiff relies principally upon *Watkins v. Dunbar* (1925), 318 Ill. 174, 149 N.E. 14, where our supreme court states the general rule that where a judgment was reversed by the appellate court without remandment, the case could not be reinstated in the trial court which entered the original judgment. (See also 3 Ill. L. & Prac. *Appeal and Error* §981 (1953).) We do not believe, however, that rule is applicable in the instant case, as the circumstances here are different from those in *Watkins*. In *Russell* No. 2, this court not only reversed the money judgment, but it also affirmed the order of the trial court that the judgment by confession had been satisfied. *Watkins* involved only a reversal and, although the supreme court held there that a judgment reversed without remandment cannot be reinstated in the trial court, the court also said that:

> "If an appeal is dismissed or a judgment affirmed the case is

reinstated by filing a certified copy of the order of the court of review in the office of the clerk of the court from which the case was originally removed, an execution may issue and other proceedings may be had on the original judgment in all respects as if no appeal had been prosecuted. (318 Ill. 174, 177, 149 N.E. 14, 15.)

That statement of law is now embodied in Supreme Court Rule 369(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 369(b)), which states:

"(b) Dismissal or Affirmance. When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, execution may issue and other proceedings may be conducted as if no appeal had been taken."

We believe this Rule is applicable to the instant case. After the filing of the mandate, the trial court was permitted, under Rule 369(b), to conduct other proceedings related to its affirmance of the order satisfying the judgment. At this point, that phase of the case was before the court as if no appeal had been taken. (See *Busser v. Noble* (1961), 32 Ill. App. 2d 181, 177 N.E.2d 251.) Thus, we are concerned with the question as to whether at that time any cause of action existed for the recovery of the $22,000, and we answer in the affirmative. It is a rule of law that a party who receives benefits by reason of an erroneous order or judgment must, after reversal, make restitution (*The Willett Co. v. Carpentier* (1954), 4 Ill. 2d 407, 412, 123 N.E.2d 308; *First National Bank v. Road District No. 8* (1945), 389 Ill. 156, 162, 58 N.E.2d 884; *People ex rel. Doss v. Doss* (1975), 35 Ill. App. 3d 365, 369, 342 N.E.2d 60), and we believe that it follows naturally that when a party receives benefits after a levy on a judgment that was later found to have been satisfied before the benefits were paid, as was the case here, the party receiving them must make restitution.

■■ While it is true that, because the reversal in *Russell* No. 2 contained no remanding order, the trial court was not reinvested with jurisdiction to again consider the initial petition filed April 28, 1972, for the return of the money, we note that in fact the trial court did not do so. After the mandate was filed, defendants presented a new petition on May 3, 1976, and while there is a question as to whether it should have been filed as a separate action, it appears that plaintiff did not raise this question, here or in the trial court, and we consider it to have been waived. In view thereof, we are of the opinion that the court properly considered the new petition as an "other proceeding" under Supreme Court Rule 369(b).

This conclusion also disposes of the additional contention of plaintiff that jurisdiction did not reinvest, because the petition was in the nature of a common law writ of *retorno habendo* in that it sought the return of property allegedly wrongfully obtained and withheld. Plaintiff argues

that the trial court could not consider such a writ, because it was not ordered in *Russell* No. 2. He cites *Danford v. Watkins* (1929), 337 Ill. 222, 168 N.E. 912, and *Watkins v. Dunbar* (1925), 318 Ill. 174, 149 N.E. 14, which were replevin actions where the appellate court reversed without a remanding order, and it was held in both cases that where the appellate court reverses without remanding and without including an order for a writ of *retorno habendo,* the trial court had no authority to reinstate the case and enter an order for the return of property. We do not see those two cases as controlling here, because we believe the failure to order a writ of *retorno habendo* is irrelevant, as the trial court did not reinstate the petition of April 28, 1972, which was the subject of the *Russell* No. 2 appeal. As we have pointed out above, a new petition was filed on May 3, 1976, which we held above was properly considered by the trial court under Rule 369(b).

The other cases cited by plaintiff on this point also are inapplicable. In *Parish Bank & Trust Co. v. Uptown Sales & Service Co.* (1939), 300 Ill. App. 73, 20 N.E.2d 634, it was held that after a notice of appeal was filed, the trial court lost jurisdiction to amend its judgment to order the issuance of a writ of *retorno habendo. Lill v. Stookey* (1874), 72 Ill. 495, involved a replevin action in which it was held that the trial court could not amend its judgment after term time to order a writ of *retorno habendo.*

■■■ Finally, plaintiff contends that the assessment of prejudgment interest from May 13, 1970, the date the $22,000 payment was made after execution had issued, was error. We agree. For interest to attach prior to judgment, absent an agreement, the amount must not only be fixed or determinable, but also due in the sense that a debtor-creditor relationship has come into being. (*Kansas Quality Construction, Inc. v. Chiasson* (1969), 112 Ill. App. 2d 277, 250 N.E.2d 785.) Here, defendant gave $22,000 to plaintiff to forestall an attempted levy upon a then valid judgment. Subsequent thereto, a bona fide dispute arose over whether the judgment had been satisfied by a prior oral agreement. Interest is not awarded on money that may be found due if the person withholding payment has done so in good faith, because of a genuine and reasonable dispute. (*Watson Lumber Co. v. Guennewig* (1967), 79 Ill. App. 2d 377, 226 N.E.2d 270; see Ill. Rev. Stat. 1973, ch. 74, par. 2.) We believe, therefore, that interest dating from May 13, 1970, was improperly awarded and, instead, should have been assessed from the judgment date of May 3, 1976. Ill. Rev. Stat. 1969, ch. 74, par. 3; *McGowan v. London & Lancashire Indemnity Co. of America* (1925), 237 Ill. App. 561.

For the foregoing reasons, we find the judgment of May 3, 1976, ordering the return of the $22,000 to defendants, was correct and, to that extent, it is affirmed; but, we find also that the assessment of any interest prior to May 3, 1976, was incorrect and, to that extent, the judgment is

reversed and the cause is remanded with directions to reassess the interest from that date and to enter judgment for the total of that interest and the $22,000.

Affirmed in part.

Reversed in part and remanded with directions.

LORENZ and MEJDA, JJ., concur.