ROSEWOOD CORPORATION, Plaintiff-Appellee, *v.* CHESTER J. FISHER *et al.*, Defendants-Appellants.

(No. 58982;

First District (3rd Division)—June 6, 1974.

Marshall Patner, of Chicago, for appellants.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is the second appeal of a forcible entry and detainer case (Ill. Rev. Stat. 1967, ch. 57, par. 1 *et seq.*) that was originally filed in the circuit court of Cook County on April 25, 1969. In the original appeal of this cause (*Rosewood Corp. v. Fisher* (1970), 46 Ill.2d 249, 263 N.E. 2d 833) the supreme court reversed the judgment for possession entered for the plaintiff and remanded the action to the circuit court holding that when the trial court struck defendants' answer and counterclaim on the ground that they were not germane to the issue of the right to possession and therefore prohibited under section 5 of the Act, it had acted improperly. Further proceedings in this cause were not taken upon the supreme court's mandate until September, 1972. After various motions by both plaintiff and defendants the defendants' original answer and counterclaim were again stricken and judgment awarded to plaintiff on March 26, 1973.

In their appeal from the second order of the circuit court striking their pleadings the defendants present two arguments to support their demand for reversal. First, the defendants argue that the plaintiff's failure to plead to the affirmative defenses raised in their answer and counterclaim for some 2 years after the supreme court order of reversal and remand, require judgment to be entered for them under Supreme Court Rule 182. (Ill. Rev. Stat. 1971, ch. 110A, par. 182.) Second, defendants argue that

their answer and counterclaim are sufficient as a matter of law to join issue with the plaintiff and require further proceedings in the trial court under the provision of the original opinion in *Rosewood v. Fisher, supra.* The plaintiff answers these arguments and contends the order of the circuit court was proper.

We affirm.

The history of the litigation in this case began in 1968 as one of the many "contract buyers" cases instituted in the circuit court at about that time. The general factual background of these cases is set out in the original decision in this case (*Rosewood v. Fisher, supra*), and need not be set out here. As regards to the instant defendants, they agreed to purchase a home from the plaintiff in 1964. They agreed to pay $24,450 for the house, making a down payment of $1,950. The contract provided that the balance of $22,500 was to be paid over a period of approximately 28 years in monthly installments of $146, consisting of principal and interest of 6½ percent per annum. The defendants took possession of the premises and made the contract payments for about four years. In August, 1968, they stopped making monthly payments and defaulted on their contract to buy.

Subsequently, the plaintiff caused the defendants to be served with the required statutory notices (Ill. Rev. Stat. 1967, ch. 57, par. 3), and in April, 1969, filed the instant suit for possession. The complaint was in the form prescribed by the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1967, ch. 57, par. 5) and consisted of two substantive paragraphs. Paragraph 1 alleged that the plaintiff was entitled to possession of certain real estate and gave the legal description of the Fisher property. Paragraph 2 alleged that the defendants unlawfully withheld possession of the real estate from plaintiff and that the plaintiff claimed possession thereof. In May, 1968, the plaintiff filed an "Addendum" (*sic*) to its complaint which included the real estate purchase contract signed by it and the defendants, and an allegation that all required notices had been served on the defendants.

The defendants then filed their answer and counterclaim that remains the subject of controversy in this case. The answer consisted of three paragraphs. In the first paragraph the defendants reasserted all the defenses set forth in their previously filed motion to strike and dismiss the complaint, the significant portion of which alleged that the procedure prescribed under the Forcible Entry and Detainer Act was special legislation that relied upon an unreasonable and arbitrary classification that denied the defendants due process of law. Paragraph 2 stated:

> "2. Defendants' monthly contractual obligation to plaintiff has been satisfied. Defendants have paid plaintiff an amount far in

excess of the fair market value (plus reasonable interest) of the premises described in the complaint to date. The contract should be reformed, otherwise any amount still alleged to be owing on the alleged contract is unconscionable and therefore unenforceable."

Paragraph 3 denied that the plaintiff served the defendants with certain demands for possession. In the counterclaim the defendants allege defenses of unconscionability and illegality and prayed that title to the property be awarded to them.

■■ Subsequently, the trial court struck the answer and counterclaim for the reason that the equitable defenses raised by these pleadings were not "germane" to the distinctive purpose of the proceeding. (Ill. Rev. Stat. 1969, ch. 57, par. 5.) The defendants appeal of this determination resulted in the supreme court opinion of *Rosewood v. Fisher, supra,* wherein the court held that contract buyers may plead equitable defenses and that those defenses going to the validity and enforcibility of the contract were germane to the distinctive purpose of the action. (46 Ill.2d 249, 256-57.) The mandate of the supreme court, dated October 15, 1970, reversed and remanded the case to the circuit court for further proceedings in accordance with the views expressed in the opinion.

The first proceeding of record after that opinion was not taken until September 19, 1972, when the plaintiff filed a motion to strike the answer and counterclaim in the circuit court. Among the grounds alleged in the motion was that defendants' answers did not state a defense as a matter of law and that their counterclaim did not state a cause of action as a matter of law. Various proceedings in the circuit court resulted in the court denying the plaintiff's motion to dismiss on other grounds that were enumerated in its motion (that the action was barred by *res judicata*). In January, 1973, the defendants moved to dismiss the complaint alleging that because the plaintiff had not pled to the counterclaim the allegations therein were admitted under section 40(2) of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, par. 40(2).) Simultaneously, the plaintiff renewed its motion to strike the answers and counterclaim as insufficient as a matter of law. After a consideration of the motions the trial court, in February, 1973, denied the defendants' motion to dismiss the complaint and granted plaintiff's motion to strike the answer and counterclaim allowing the defendants time to file amended pleadings.

On March 26, 1973, the trial court entered an order in which it found that the defendants' pleadings were insufficient as a matter of law and ordered the defendants' answer and counterclaim stricken. The defendants elected to stand on the pleadings and judgment was again

ordered for the plaintiff. It is this order from which the instant appeal is taken.

The defendants first contend that the plaintiff's failure to plead to the affirmative defenses in the answer and counterclaim for some 2 years after the reversal of the case requires judgment to be entered in their favor. The defendants cite various provisions of the Civil Practice Act and Supreme Court Rules which indicate that a party has 21 days to either answer or challenge a counterclaim (Ill. Rev. Stat. 1971, ch. 110A, par. 182) unless additional time is granted by order of the court. (Ill. Rev. Stat. 1971, ch. 110, par. 59; ch. 110A, par. 183.) They argue that because the plaintiff neither answered, nor received additional time to answer the counterclaim, after the case was remanded to the circuit court, the allegations therein were admitted. (Ill. Rev. Stat. 1971, ch. 110, par. 40(2).) We cannot agree.

The only case in Illinois similar to the instant case wherein both parties delayed in the pursuit of an action after a remandment of the cause by an appeals court is *Tidwell v. Smith* (1963), 43 Ill.App.2d 9, 192 N.E.2d 410. In that case the plaintiff's complaint was dismissed in the trial court. The appellate court found the trial court erred in dismissing the complaint and remanded the case for further proceedings. After a delay of approximately 2 years in which neither party pursued the action, the trial court granted the defendants' motion to dismiss the action for want of prosecution. In a second appeal from the dismissal the court said:

> "In the instant case the original complaint was dismissed by the lower court and judgment entered for defendants, and on appeal this court held that the trial court erred in allowing defendants' motion to dismiss and entering judgment for the defendants and remanded the case for further proceedings not inconsistent with the opinion. No specific directions were given to the trial court to enter any judgment or decree, and from a reading of the opinion it could readily be determined that it was incumbent on the plaintiff if he wished to continue with the prosecution of his case after the mandate was filed to proceed pursuant to Paragraph 2 of Section 83 of the Civil Practice Act to redocket the case and have a rule entered on the defendants to answer. It was not the duty of the trial court to take any steps to redocket the case after the mandate was filed. That duty rested with the plaintiff if he wished to pursue the case further.
>
> The mandate was caused to be filed in the trial court by the plaintiff on November 5, 1960, which was within the time prescribed by statute, (Ill. Rev. Stat. 1959, ch. 110, sec. 83, sub-

paragraph 3), but there is nothing in the record that discloses the plaintiff took any steps to redocket the case and secure a rule of court for the defendants to answer until almost two years after the mandate had been filed and not until after the defendants had asked for the case to be redocketed and filed their motion to dismiss.

In the absence of any reasons asserted by the plaintiff for such unreasonable delay in the prosecution of his case, we are of the opinion that the trial court correctly dismissed the case for want of prosecution."

■■■ Understanding the fact that the position of the parties in our case is the opposite of the *Tidwell* case, (the defendants in our case were the victorious parties in the first appeal, as was the plaintiff in *Tidwell*), we feel the reasoning of that opinion applies with equal force here. After securing a reversal and remand of an unfavorable trial court order the defendants here ignored the case for some 2 years, and it was the plaintiff who first moved the trial court to reconsider the issues presented in the action. If the defendants seriously wished to pursue the remedy available to them for the plaintiff's failure to plead during the 2 years after the supreme court mandate they should have done so before the plaintiff again took up the litigation by filing its motion to strike the answer and counterclaim. It is not unjust to require a party, either plaintiff or defendant, to shoulder the affirmative duty of further pursuing in the trial court the action in which he is involved when he is the party who obtained a reversal and remandment of an unfavorable judgment. And an unreasonable delay in discharging this duty may prevent him from securing judgment because of his opponent's like delay.

Further, it is apparent from the record in this case that during the 2-year period between the date of the supreme court mandate and the plaintiff's motion in the circuit court both parties were also participants in litigation in the Federal district court involving issues similar to those raised in this possession action. Had the trial court awarded the defendants immediate judgment for the plaintiff's failure to plead in this situation, it is at least speculative that the judgment would not be subject to criticism in view of the appellate court's expressed concern that judgments of a default nature are drastic remedies that should be entered with great caution. See *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill.App.2d 102, 167 N.E.2d 799.

The defendants next contend that their answer and counterclaim were improperly stricken by the trial court because the scope of issues subject to litigation under the Forcible Entry and Detainer Act has been extended to include defenses of an equitable nature, such as those pre-

sented in the instant answer and counterclaim. The case most obviously on point, and upon which the defendants chiefly rely is *Rosewood v. Fisher* (1970), 46 Ill.2d 249, 263 N.E.2d 833, the original appeal of the instant case.

In brief, the defendants contend that because the supreme court in *Rosewood* considered the same answer and counterclaim that is the subject of this appeal and determined that these were "improperly stricken" it was error for the trial court, upon remandment, to strike them again.

There is no question that the supreme court did determine that the defendants' pleadings were improperly stricken (46 Ill.2d 249, 256), however, it is also clear that the supreme court was considering a different issue than is presented to us. In that opinion, after enumerating the various defenses raised by defendants, the court said:

> "And while a contention is made by plaintiffs that such matters were improperly and insufficiently pleaded, that issue is not open to our consideration. It is well settled that the sufficiency of a pleading may not be attacked for the first time in a court of review. [Citation.] On motion of plaintiffs, the trial court struck the defensive pleadings challenging the validity and enforcibility of the contracts on the ground that they were not germane to the issue of right to possession and therefore prohibited by section 5 of the Act." 46 Ill.2d 249, 255-56.

The balance of the supreme court opinion discusses and concludes that the equitable defenses of the defendants were "germane" under section 5 of the Act. In view of the fact that the order appealed from here specifically found that the defendants' answer and counterclaim were insufficient as a matter of law, it is obvious that we now are confronted with that issue which the supreme court specifically excluded from its consideration, *i.e.*, whether as a matter of law the answer and counterclaim properly and sufficiently pleaded the equitable defenses that the supreme court held could be raised in an action for possession.

■■ In this regard section 5 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1971, ch. 57, par. 5), provides: "The defendant may under a general denial of the allegations of the complaint give in evidence any matter in defense of the action." It seems obvious to us that this section of the statute, and the supreme court opinion in *Rosewood,* are in no way contradictory in that a defendant in an action for possession need only deny the allegations of the complaint and then may plead and give in evidence any of the defenses that the defendants here raise in their answer and counterclaim. However, the defendants in the instant case refused to amend their pleadings to conform to these requirements. After due consideration we have concluded that the defendants' answer here

cannot be interpreted as a denial of the plaintiff's allegations and for this reason the trial court was correct in striking the pleadings as insufficient. Certainly no discourse by this court on the function of pleading is needed to point out that the primary purpose of pleading is to produce parties joined on opposite sides of an issue of fact or law, thereby producing a controversy for litigation. The defendants' pleading in this case did not produce this result and the proceeding could go no further.

We wish to point out that our decision in this case does not contradict in any respect the opinion of the court in *Rosewood, supra.* In that opinion the court held that equitable defenses of the kind the defendants attempted to raise in the instant case, are germane to the purpose of the Act and that the trial court acted improperly when it held that they were not and struck the pleadings. We merely hold here that when raising these defenses defendants must do so in pleadings that are sufficient as a matter of law.

For the above reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and MEJDA, JJ., concur.