GERMANIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee,
v. VIRGIL M. JACOBY et al., Defendants-Appellants.

(No. 74-20; ▮▮▮▮▮▮▮▮▮▮

Fifth District—October 8, 1974.

*Rehearing denied November 21, 1974.*

Jacoby, Patton and Manns and Roach, Keshner & Wyss, both of Alton (P. J. O'Neill, of counsel), for appellants.

Hoagland, Maucker, Bernard & Almeter, of Alton (William H. Hoagland, of counsel), for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a forcible entry and detainer action in which possession was granted to the lessor, Germania Federal Savings and Loan Association, through a directed verdict.

The law firm of Jacoby, Patton and Manns occupied space in the Germania Federal Savings and Loan Association building as lessees from March 1, 1958, to March 1, 1961. Occupancy was under a written lease. This lease was extended or renewed from time to time, the last renewal being for a 3-year period terminating on March 15, 1973. The record discloses that during this last period of occupancy appellee on more than one occasion indicated to the appellant that it desired this space for its own use after March 15, 1973. This last period of occupancy was under a final option in the previous "extension of office lease" and under

its terms expired at the end of the day on March 14, 1973. On February 15, 1973, appellee delivered to appellant a formal demand for possession as of March 15, 1973. On March 15 defendants were still in the premises, and a complaint for forcible entry and detainer was filed that same day.

Appellant filed an answer to the complaint containing a general denial, separate affirmative defenses and a counterclaim for damages alleged to be due for overpayment of rent. Appellant also asked for a jury trial which was granted. On motion of the appellee, the court struck the affirmative defenses and severed the counterclaim. The trial court specifically ruled that the matter was to be tried on the sole issue of who had the right to possession. Nevertheless, during the trial appellant introduced matters relating to the affirmative defenses and the counterclaim. Counsel and the judge met several times out of the presence of the jury, and on motion of the appellee the judge granted a protective order to keep matters not germane to the possessory action from being introduced. When it appeared to the trial judge that no testimony would be offered to refute the right to possession as of March 15, he directed the jury to bring in a verdict awarding possession to the appellee.

This appeal presents two basic issues: 1) Did the trial court have authority to sever the counterclaim and affirmative defenses from the principal action and limit the issue to the right of possession? 2) Did the trial court, in the absence of a motion by the appellee, have the power to direct a verdict for the appellee?

We believe that the trial court had the right to act as it did on the two issues presented for appeal. Section 5 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1971, ch. 57, par. 5) provides that "The defendant may under a general denial of the allegations of the complaint give in evidence any matter in defense of the action. No matters *not germane to the distinctive purpose* [emphasis added] of the proceedings shall be introduced by joinder, counterclaim or otherwise: Provided, however, that a claim for rent may be joined in the complaint, and judgment obtained for the amount of rent found due."

■■ With respect to the first issue, namely, whether or not the court had authority to sever the affirmative defenses and counterclaim and try only the issue of possession, there has been some shifting in position by both Illinois and Federal courts. The original view was that the forcible entry and detainer action was solely for the purpose of determining the right to possession. It was intended to be summary in nature and, hence, a quick and definite method through which an owner could retrieve his property unless the lessee could show he still had a possessory right. The amendment to the Illinois law which permitted the landlord to add a

count for rent opened the way for a tenant to introduce matters which could defeat or reduce the claim for rent. Beyond cases in which there are questions about rent, the courts appear to have moved cautiously.

In *Rosewood Corp. v. Fisher* (1970), 46 Ill.2d 249, 263 N.E.2d 833, a purchase contract rather than a lease was involved and the question was whether or not the contract was enforcible or had been breached by the seller. Obviously, a purchaser should be permitted to make defenses that, after all, go to the right of possession. Such a defense is germane. The recent decision of the appellate court (First District) in *Rosewood Corp. v. Fisher* (1974), 20 Ill.App.3d 422, 314 N.E.2d 294, does not change this principle. In *Marine Park Associates v. Johnson* (1971), 1 Ill.App. 3d 464, 274 N.E.2d 645, the Federal Civil Rights Act was involved (42 U.S.C. §§ 3604(a) and 1982 (1970)); hence, it was germane to permit the defendant to introduce evidence regarding violation of the Federal law because it had to do with his right to continue possession or to renewal. Even in *Jack Spring, Inc. v. Little* (1972), 50 Ill.2d 351, 280 N.E.2d 208, the case relied on most heavily by the appellant and one which might be read as materially changing the concept of defense to a forcible entry and detainer action, there was a legitimate question about the payment of rent. Hence, the court's discussion of the more modern view about warranties of habitability, particularly in furnished apartments, was still related to the amount of rent the tenant might be required to pay.

Also, if, as in *Jack Spring, Inc.*, there is a city building code, the terms of which relate to the issue of possession or continued possession or renewal or to a forestalling of the owner's right to regain possession, except under certain conditions, then this is all germane. In *Spring*, a case involving several defendants, the lease of one defendant contained what amounted to a waiver of liability for the condition of the premises. The court said that, whether this did or did not preclude the existence of an implied warranty of habitability, thus permitting proof of a breach and hence affecting the rent due, it was germane. The court in *Spring* nevertheless restricted the application of its decision by saying that it did not affect any notice given under the Landlord and Tenant Act except for section 8 of that act, which refers specifically to the Forcible Entry and Detainer Act as a remedy for the landlord. The court also said that it does not alter the rule that liability for rent continues during occupancy and that it applied only to the occupancy of multiple dwelling units.

In the instant case no civil rights law or building code is involved, the rent has all been paid, and there is no claim for rent. Appellant for the first time raised objections about the condition of the premises after

the forcible entry and detainer action was commenced. It should be noted also that this is a business rental, not the rental of a furnished apartment, which could bring into play the theory developed in *Spring* regarding warranties of habitability.

In our opinion the theories developed in *Spring* are good and are needed to protect tenants and to get away from the agrarian overtones in property rental, but they simply do not apply in this case for the reasons mentioned.

Did the trial court have the power to direct a verdict for appellee? Section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 68.1) states: "If at the close of the evidence * * * any party moves for a directed verdict * * *" such may be granted. Appellant relies on this for the proposition that the trial court cannot direct a verdict unless one of the parties moves for such a verdict. However, section 68.1 also states: "Relief after trial may include the entry of judgment if under the evidence in the case it would have been the duty of the court to direct a verdict without submitting the case to the jury, *even though no motion for directed verdict was made* * * *." (Emphasis added.) This seems clearly to indicate that the court may direct a verdict without a motion.

Cases cited by the appellant do not hold that the judge lacks this authority. In *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6, a products liability case, the supreme court held that the trial court's production orders were too broad and difficult to comply with, not that the power was lacking or that contempt would not lie had it been properly exercised. In *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill.App.2d 449, 243 N.E.2d 27, the trial court dismissed a wrongful death action and entered a default judgment for failure of the plaintiff to answer interrogatories within 28 days. The order dismissing the plaintiff's complaint was reversed and remanded, the facts showing that there was no record of proof of service of the motion to dismiss or of an undated notice that the motion would be presented. The motion was received after plaintiff's attorneys had advised that interrogatories would be answered. There was no written order as required by Supreme Court Rule 271. The record did not show how the plaintiff was advised of the order of dismissal. With all these defects in procedure it is quite understandable why the Supreme Court of Illinois reversed the decision. No defects of this nature are alleged in the instant case.

■■ Appellants had ample opportunity to present all the evidence possible which might have refuted the right of the appellee to possession on and after March 15. This they did not do but insisted on discussing

the shortcomings of the landlord with respect to the premises during the period of occupancy. When it became apparent to the trial judge that matters which he had ruled out were the only ones which appellants would discuss before the jury, he directed the jury to bring in a verdict for the appellee. In our opinion this was the proper alternative and one which he was justified in exercising.

Consequently, the trial court acted properly in directing a verdict for the appellee.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.