REINHARD J. MILLER *et al.*, Plaintiffs-Appellants, *v.* GEORGE BLOOM-BERG *et al.*, Defendants-Appellees.

Second District   No. 2—83—0765

Opinion filed July 26, 1984.

Robert K. Kilander, of Laraia and Kilander, Ltd., of Wheaton, for appellants.

Edward T. Graham, of Wheaton, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiffs, Reinhard J. Miller, Susan Miller, William Berg, Jeanette Berg, and Tri-R Automotive Service Center, Inc. (Tri-R), filed suit seeking specific performance of an agreement to sell real estate pursuant to an option contained in a lease which they had entered into with defendants, George Bloomberg, Edith Bloomberg, Richard Bloomberg, and Marion Bloomberg. Summary judgment was granted in plaintiffs' favor and affirmed on appeal. (*Miller v. Bloomberg* (1975), 26 Ill. App. 3d 18, 324 N.E.2d 207.) Upon remand, plaintiffs William Berg and Jeanette Berg sought to dismiss themselves as parties to the action and vacate the summary judgment on the basis of voidness. The trial court denied their motions, but this court reversed and remanded for an evidentiary hearing on the petition to vacate. (*Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 376 N.E.2d 748.) Plaintiffs Reinhard J. Miller and Susan Miller and Tri-R filed to reinstate the proceedings more than 2⅔ years after the cause was remanded. Defendants filed a motion to dismiss in which one ground for dismissal was *laches*. The trial court dismissed the action with prejudice based on *laches*. Plaintiffs Reinhard J. Miller and Susan Miller

appeal from that dismissal. William Berg, Jeanette Berg, and Tri-R, plaintiffs in the original, underlying action, are not parties to this appeal. The Millers raise two issues on appeal: (1) whether the trial court erred in failing to obey the mandate of this court, and (2) whether granting Bloombergs' motion to dismiss by the application of the equitable defense of *laches* was an abuse of discretion.

The facts leading to the commencement of this lawsuit and occurring during the first two appeals are adequately set forth in our prior opinions (see *Miller v. Bloomberg* (1975), 26 Ill. App. 3d 18, 324 N.E.2d 207, and *Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 376 N.E.2d 748), and thus we will only summarize them here.

On June 26, 1969, the parties entered into a lease containing a provision which gave plaintiffs as lessees an option to purchase the leased premises from defendants for the then prevailing market price. On February 3, 1972, plaintiffs gave defendants written notice exercising the option to purchase. After receiving an appraisal report from defendants, plaintiffs offered $80,000 for the property. The offer was rejected by defendants. Plaintiffs filed for specific performance, and summary judgment was entered in their favor. This court affirmed the judgment of the circuit court and remanded the cause for taking of proof to establish the then prevailing market price and for further proceedings. The then prevailing market price has never been determined although the cause was placed on the jury calendar at least twice.

Subsequently, plaintiffs William Berg and Jeanette Berg filed a petition to vacate the decree of specific performance and a motion for voluntary dismissal as to themselves, arguing that they never consented to or participated in the lawsuit. The trial court first granted the motion for voluntary dismissal but later vacated that order and dismissed the petition to vacate, and the Bergs appealed. The trial court granted defendants' request for a stay of further proceedings pending the outcome of the appeal. Defendants took no part in the second appeal. In an opinion filed on May 22, 1978, this court held that the trial court possessed the authority to vacate the voluntary dismissal but that it erred in dismissing the petition to vacate and remanded for an evidentiary hearing as to the Bergs' involvement in the suit. The mandate of this court was filed on July 28, 1978.

On January 21, 1981, plaintiffs Reinhard J. Miller, Susan Miller, and Tri-R filed a motion to reinstate the proceedings. In a second amended motion to dismiss, defendants, in count I, stated that Tri-R was dissolved and that William Berg had died, and argued that since these were necessary parties to the litigation, the cause should be dis-

missed. In count II, defendants alleged that plaintiffs were guilty of *laches*, thus barring the action, in that plaintiffs waited two years and eight months after the decision of this court to take action, during which time William Berg died and defendants maintained the property and made expenditures for taxes and improvements on the property. Attached was the affidavit of George Bloomberg, which listed the sums expended on taxes of $6,700 and various improvements of $41,900.

While no evidence was introduced at the hearing held on the motion to dismiss on April 28, 1981, the trial court heard arguments of counsel on the question of *laches* and issued a letter of opinion on July 14, 1983. In that opinion, the trial court denied count I, holding that dissolution of a corporate entity and death of one of the plaintiffs would not extinguish the cause of action.

As to the issue of *laches*, the trial court stated, *inter alia*, that to interpose such defense, movant must allege and prove (1) neglect or omission to assert a right, conjoined with (2) a lapse of time and (3) circumstances which cause prejudice to the movant; that failure to prosecute may give rise to the defense of *laches*; that the prevailing party must be diligent in reinstating the remanded case to docket; that the principles of *Tidwell v. Smith* (1963), 43 Ill. App. 2d 9, 192 N.E.2d 410 (abstract of opinion), were applicable; that *laches* is especially applicable where an option contract is concerned; that defendants are title owners and paid taxes and made improvements and assumed the action had been abandoned because no activity had occurred; that it was said in *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 555, 147 N.E.2d 341, that "a party is guilty of *laches* which ordinarily bars the enforcement of his right where he remains passive while an adverse claimant incurs risk, enters into obligations, or makes expenditures for improvements or taxes"; that defendants were bound by prudence in protection of their own investment as well as by law to avoid waste in doing all they could to preserve and improve the property; that valuation of the premises had been made more difficult and costly by reason of plaintiffs' lack of diligence; and that a review of the case disclosed no inappropriate delay by or any conduct of defendants which might operate as a bar to their seeking application of an equitable doctrine; and granted count II of defendant's motion to dismiss.

■ Plaintiffs Reinhard J. Miller and Susan Miller first contend on appeal that the trial court had no authority to determine whether specific performance ought to be granted since summary judgment granting specific performance had been upheld on appeal, and the trial court was limited to conducting an evidentiary hearing on Bergs' peti-

tion to vacate judgment as directed by this court in the second appeal.

However, the mandate issued in the second appeal applies only to issues as they relate to the Bergs' status and does not prevent proceedings in the trial court in accordance with the mandate in the first appeal. The mandate which issued from the first appeal, where the main claim was decided and where the granting of plaintiffs' motion for summary judgment was affirmed, was remanded for determination of the then prevailing market price and for further proceedings in the case. Therefore, we conclude that the trial court was authorized to conduct further proceedings in accordance with both mandates, and was not limited as the Millers suggest. Moreover, we observe that the Millers' motion filed on January 12, 1981, specifically requested a hearing "in connection with said mandates," thereby waiving any argument on appeal that the court proceeded improperly by considering matters relating to the first appeal. A party may not ask a court to proceed in a given manner and then assign as error on appeal the ruling which he procured. *In re Smith* (1979), 77 Ill. App. 3d 1048, 1052, 397 N.E.2d 189.

■ The Millers next contend that granting defendant's motion to dismiss based on *laches* was an abuse of discretion. They first assert that the trial court misapprehended the necessary elements of *laches*. The trial court found that the movant must allege and prove (1) neglect or omission to assert a right conjoined with (2) a lapse of time and (3) circumstances which cause prejudice to the movant. This language is found in *Thurston v. State Board of Elections* (1979), 76 Ill. 2d 385, 388, 392 N.E.2d 1349, and *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552, 147 N.E.2d 341. In contrast, the Millers believe that to successfully assert a claim of *laches* there must be (1) conduct on the part of defendant giving rise to the situation of which complaint is made and for which complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had notice or knowledge of defendant's conduct and the opportunity to institute a suit; (3) lack of knowledge or notice on the part of defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to defendant in the event relief is accorded to complainant or the suit is held not to be barred. (*Gill v. Gill* (1973), 56 Ill. 2d 139, 144-45, 306 N.E.2d 281; *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 553, 147 N.E.2d 341.) They maintain that defendants failed to prove the third element.

We note initially that while *laches* is considered applicable when a plaintiff is charged with want of due diligence in failing to institute proceedings before he did (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552,

147 N.E.2d 341), failure to prosecute an action after its commencement can also constitute *laches*. (*Martin Brothers Implement Co. v. Diepholz* (1982), 109 Ill. App. 3d 283, 287, 440 N.E.2d 320; see *Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 443 N.E.2d 1125.) However, to do as the Millers suggest and require defendants to lack knowledge or notice that the Millers would assert the right on which they base the lawsuit would preclude allowance of a *laches* defense at any stage of proceedings after commencement of the suit, since filing the suit and serving notice of the suit upon defendants will always inform defendants of plaintiffs' assertion of their rights. Thus it is not surprising that in every case which requires proof of all four elements for the equitable doctrine of *laches* to apply, the delay complained of occurred between the time of the actionable incident and the filing of the suit. See *Gill v. Gill* (1973), 56 Ill. 2d 139, 306 N.E.2d 281; *Slatin's Properties, Inc. v. Hassler* (1972), 53 Ill. 2d 325, 291 N.E.2d 641; *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341; *In re Estate of Polley* (1982), 111 Ill. App. 3d 873, 444 N.E.2d 714; *Mogul v. Tucker* (1981), 102 Ill. App. 3d 438, 430 N.E.2d 87; *Ruster v. Ruster* (1980), 91 Ill. App. 3d 355, 414 N.E.2d 927; *Payne v. Williams* (1980), 91 Ill. App. 3d 336, 414 N.E.2d 836.

In contrast, where *laches* is sought to be invoked at a later point in the proceedings, courts have not required defendant to lack knowledge or notice that plaintiff would assert the right on which he bases his suit. ( See, *e.g., Thomas v. Van Meter* (1896), 164 Ill. 304, 313-14, 45 N.E. 405; *Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 230-31, 443 N.E.2d 1125; *Martin Brothers Implement Co. v. Diepholz* (1982), 109 Ill. App. 3d 283, 287-88, 440 N.E.2d 320.) When *laches* is sought to be invoked at any point after the lawsuit is filed and defendant is notified of the suit, the requirement that defendant be unaware of rights plaintiff seeks to assert creates a practical and logical impossibility and need not be met. Thus, the test applied by the trial court was proper.

The Millers next argue that defendants should not be able to claim *laches* when they had a duty to reinstate the litigation after remand since they had requested a stay pending the outcome of the second appeal and had motions of their own pending before the trial court. In two dated appellate court cases it was held that the party who prevails on appeal has the duty to reinstate proceedings at the trial level. (See *Rosewood Corp. v. Fisher* (1974), 20 Ill. App. 3d 422, 314 N.E.2d 294; *Tidwell v. Smith* (1963), 43 Ill. App. 2d 9, 192, N.E.2d 410 (abstract of opinion).) Historically, if the successful party who obtained a new trial or hearing wished to avail himself of the re-

lief granted by the court of review, he had to file the mandate of the appellate court within one year after the judgment. (Ill. Rev. Stat. 1965, ch. 110, par. 88; *Kuhlman v. Cotter* (1968), 92 Ill. App. 2d 475, 479, 234 N.E.2d 815; see also *Austin v. Dufour* (1884), 110 Ill. 85, 87-88.) The practice changed after the adoption of Supreme Court Rules 368 and 369 (87 Ill. 2d Rules 368, 369; *Kuhlman v. Cotter* (1968), 92 Ill. App. 2d 475, 479, 234 N.E.2d 815), and the clerk of the reviewing court is now required to automatically file the mandate without any action by the parties. The supreme court rules do not affirmatively provide that a particular party has the duty to reinstitute proceedings in the trial court upon remandment, and only state that "[w]hen the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days notice to the adverse party." (87 Ill. 2d R. 369(c).) In *Tidwell v. Smith* (1963), 43 Ill. App. 2d 9, 192 N.E.2d 410 (abstract of opinion), the court stated that the duty to redocket the case after the mandate was filed following appeal rested with plaintiff therein, who had won a reversal and remandment on appeal, if he wished to pursue the case further. While *Tidwell* was decided under now-abolished section 88 of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 88), *Rosewood Corp. v. Fisher* (1974), 20 Ill. App. 3d 422, 314 N.E.2d 294, which relies on *Tidwell*, was decided after Supreme Court Rules 368 and 369 became effective, yet continued to place the burden of pursuing the action on the party who obtained a reversal and remandment of an unfavorable judgment. 20 Ill. App. 3d 422, 427, 314 N.E.2d 294.

The Bergs obtained the reversal and remandment in the second appeal. Since defendants did not even take part in that appeal, it would be inequitable to hold that defendants should have then pursued the matter in the trial court. While the Millers were not clear victors in the second appeal, they did prevail at the first appeal where summary judgment in their favor was affirmed. Thus, if they wished to further pursue that favorable judgment and enforce their option to purchase, under the facts here they were obligated to reinstitute the proceedings at the trial level.

We are not persuaded that defendants here had an equal duty to reinstate proceedings because they had requested a stay and because they had motions pending. The purpose of the stay was to spare the trial court from unnecessary litigation because the issues raised by the Bergs, which were before the appellate court, were some of the same issues raised by defendants and pending in the trial court. Furthermore, since the motions defendants had pending before the trial

court were filed prior to the second appeal and were for the purpose of dismissing the original action, it was only reasonable for them not to proceed and incur litigation costs when the Millers had apparently abandoned the cause.

■ ■ Having concluded that defendants under the facts here would not be expected to reinstate the litigation, we must next decide whether the Millers' delay in reinstating the case was sufficient to sustain the application of the doctrine of *laches* against them. *Laches* is an equitable doctrine to be invoked or rejected in the trial court's discretion. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 330, 410 N.E.2d 12.) The trial court in this case specifically found that defendants paid taxes and made improvements, verified by George Bloomberg's affidavit, the contents of which the Millers do not dispute, on the assumption that plaintiffs had abandoned the action since they did not initiate proceedings after the decision of this court in the second appeal. The court relied on *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341. *Pyle* states that "a party is guilty of *laches* which ordinarily bars the enforcement of his right where he remains passive while an adverse claimant incurs risk, enters into obligations, or makes expenditures for improvements or taxes." (12 Ill. 2d 547, 555, 147 N.E.2d 341.) The trial court further noted that the delay of more than 2½ years had made valuation of the property more difficult and costly, that the property value had appreciated since the filing of the mandate, and that there was no conduct on the part of the defendants that might bar the application of *laches*. The Millers presented no reasons to the court below for their failure to reinstitute the proceedings for this long period of time. Under all these circumstances, we cannot say that the trial court abused its discretion in invoking the doctrine of *laches*.

The Millers' final arguments need only brief attention. They maintain that the trial court, by its statement that "[t]here are no facts to support a conclusion that defendants are not *** entitled to the application of such an equitable doctrine," improperly placed the burden of proof on them. However, the statement does not mention the allocation of the burden of proof and is but a comment on the evidence. In addition, the trial court specifically stated in its letter of opinion that the burden was on the movant to allege and prove the elements of *laches*.

■ The Millers' argument that *laches* cannot be invoked because defendants were in possession of property that equitably belonged to the Millers also fails. The order granting summary judgment was for specific performance of the option contract; it did not entitle plaintiffs

to possession. Plaintiffs, in fact, in January 1976 had unsuccessfully moved for a permanent injunction to obtain possession. At a hearing on the motion, the trial court stated plaintiffs had not shown they were entitled to possession since the contract was executory to the extent the purchase price had not been determined, and the motion for permanent injunction was subsequently denied. Thus, since plaintiffs have not established their right to possession, defendants should not be faulted for possessing property to which they hold legal title.

■ Lastly, the Millers argue that defendants cannot complain of delay because they helped cause it by requesting a stay of proceedings during the second appeal. However, defendants have not included the time of the stay in their claim of *laches*. In their motion to dismiss, they raise the defense of *laches* on the basis of the 2²/₃-year period of time that elapsed since this court's decision was filed. While defendants did request a stay, that does not make them responsible for the delay after the appeal was decided and does not show that defendants have failed to do equity.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P.J., and LINDBERG, J., concur.