*In re* PARENTAGE OF KIMBERLY MARIE MATTSON (Giselle Slauf, Petitioner-Appellant, v. Karl Mattson, Respondent-Appellee).

Second District   No. 2—92—0246

Opinion filed February 23, 1993.

Richard L. Lucas and Scott T. Ferrill, both of Richard L. Lucas & Associates, Ltd., of Addison, for appellant.

No brief filed for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

Petitioner, Giselle Slauf, appeals the circuit court's order denying her petition to change the name of her minor daughter from Kimberly Mattson to Kimberly Slauf. Petitioner contends on appeal that the court applied an improper standard, failed to consider the statutory factors and abused its discretion in denying the name-change petition.

Respondent, Karl Mattson, has not filed an appellee's brief. However, the issues are not complex, and we consider the merits of the appeal pursuant to the standards of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

On March 9, 1990, petitioner filed a paternity action against respondent. In response, respondent admitted being Kimberly's father and agreed to pay child support.

During the next few months, the parties filed numerous petitions and the court entered numerous orders regarding visitation, the amount of support and other matters. Petitioner also filed a petition to change Kimberly's last name from Mattson to Slauf. On November 5, 1991, the court entered an order denying the petition. Petitioner filed a motion to reconsider. The court granted the motion, vacated the November 5 order, and set the matter for hearing. After several continuances, the court conducted the hearing on January 27, 1992.

Petitioner testified that at the time Kimberly was born petitioner and respondent were engaged to be married and respondent had given her a ring. When Kimberly was born, she was given the name Mattson in contemplation of the marriage. The parties continued to live together for about two years after Kimberly was born, at which time they broke up.

Petitioner also testified that Kimberly was in kindergarten and had been teased by her classmates on three occasions because her last name was not the same as her mother's. One incident occurred on September 11, another occurred in October, and the third occurred at a birthday party approximately two weeks before the hearing. Petitioner stated that Kimberly was confused and upset by these incidents.

Respondent was the only other witness at the hearing. He denied he was engaged to petitioner at the time Kimberly was born or that she was given the name Mattson in contemplation of the parties' marriage. He further testified that he has supported Kimberly since she was born. He wanted her name to remain Mattson because "that's one of the only ties that I feel she has to me." He

felt that petitioner was encouraging her daughter to change her name as a way of alienating her from him.

At closing argument, petitioner's attorney argued that the proper standard for determining whether to permit a party to change a minor's name was to be found in section 602 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1991, ch. 40, par. 602) and *In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455.

In denying the petition, the court stated that *Sullivan* required that such a change be in the best interests of the child. The court stated:

> "I don't believe those standards have been met by the petitioner.
>
> There's no question the child will be somewhat confused, and I think it's up to the parents to help avoid that confusion; but I don't think what the evidence has been presented has been such to show that it would be in the best interest of the child to cause that the name be changed."

Petitioner filed a timely notice of appeal.

Petitioner's first contention on appeal is that the trial court applied the wrong standard in denying the name-change petition. Petitioner appears to contend that the court erred in applying section 602, notwithstanding that her counsel argued at the hearing that that was the correct standard. Normally, a party may not complain of an error which he or she has invited. (*Miller v. Bloomberg* (1984), 126 Ill. App. 3d 332, 336.) However, we will not engage in an extended discussion of this issue, since we would uphold the trial court's order under either test.

Prior to 1985, no statutory criteria existed by which to determine the propriety of a request to change the name of a minor child. (See *Dattilo v. Groth* (1991), 222 Ill. App. 3d 467, 470-71 & n.1 (Greiman, J., dissenting).) In the absence of a specific statute, courts deciding petitions for minors' name changes have used the criteria for determining child custody found in section 602. (*In re Marriage of Presson* (1984), 102 Ill. 2d 303, 307.) Section 602 provided that the standard was the best interest of the child and contained a nonexclusive list of factors to be considered. Ill. Rev. Stat. 1985, ch. 40, par. 602.

■■ It is clear that the proper standards are now found in section 21—101 of the Code of Civil Procedure (Ill. Ann. Stat., ch. 110, par. 21—101 (Smith-Hurd Supp. 1992)). While section 21—101 provides that the overriding consideration continues to be the best in-

terest of the child, the most significant change from prior law is that the party seeking the change must establish by clear and convincing evidence that the change is in the child's best interest. (Ill. Ann. Stat., ch. 110, par. 21—101 (Smith-Hurd Supp. 1992).) In determining the child's best interest, the court shall consider all relevant factors, including:

> "(1) The wishes of the child's parents and any person acting as a parent who has physical custody of the child.

> (2) The wishes of the child and the reasons for those wishes. ***

> (3) The interaction and interrelationship of the child with his or her parents or persons acting as parents who have physical custody of the child, step-parents, siblings, step-siblings, or any other person who may significantly affect the child's best interest.

> (4) The child's adjustment to his or her home, school, and community." (Ill. Ann. Stat., ch. 110, par. 21—101 (Smith-Hurd Supp. 1992).)

We note that these are, essentially, the first four factors listed in section 602 for making child custody determinations. We find that the standards are not significantly different under section 602 or section 21—101, except for the burden of proof. As a result, cases decided under section 602 may still provide some guidance in determining the issue pursuant to section 21—101.

Petitioner also contends, however, that the court failed to consider evidence of the statutory factors before making its decision. Petitioner maintains that the trial court prejudged the matter, as reflected by its order of November 5 which denied the petition without a hearing.

■ The record does not support petitioner's assertion. While the court is not required to set out specific factual findings, the record should reflect that the court considered evidence of the statutory factors before making its decision. (*In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 465.) The record in this case clearly shows such consideration. The court specifically stated that it did not "believe those standards have been met." The court further stated that it did not think petitioner had presented sufficient evidence that the child's best interest dictated that her name be changed. The court's statements clearly reflect that the court considered the relevant factors, but found that evidence to support the change was lacking.

■ Petitioner's final contention is that, regardless of the standards to be applied, the court abused its discretion in denying the name-change petition. She maintains that she presented evidence that Kimberly has been confused and embarrassed by having a last name different from that of her mother. Evidence showed that she has been subjected to taunts from classmates and will likely continue to be subjected to embarrassment. Petitioner contends that the only basis for denying the petition was the subjective desire of respondent that her name not be changed. Thus, she concludes that the court failed to consider the child's best interests, but only those of respondent.

Initially, we note that under section 21—101 a parent's desire is a legitimate factor for the court to consider. (Ill. Ann. Stat., ch. 110, par. 21—101(1) (Smith-Hurd Supp. 1992).) Respondent testified that he has been and will continue to pay child support and that he desires to maintain a close relationship with his daughter. Since he does not have physical custody, the common name is one of the few bonds he is able to maintain with her. While the conflicting desires of the parents would appear to cancel each other out to some extent, the remaining evidence did not clearly and convincingly establish that a change is required or in the best interests of the child. In short, the court correctly found that petitioner failed to meet her burden of proof.

The only evidence that petitioner presented of the minor's best interest was testimony that she had been teased by schoolmates on three occasions. In *Presson*, the court noted that a child whose parents had been divorced was bound to suffer some confusion and embarrassment because his name was different from his mother's, but held that this fact alone was not sufficient to warrant changing his name. (*Presson*, 102 Ill. 2d at 311.) In language that is particularly appropriate to the instant case, the court stated, "[t]he noncustodial parent necessarily is at a disadvantage in maintaining a strong relationship with the child and maintenance of the parent's name goes far toward demonstrating his continuing interest in and identity with the child." (102 Ill. 2d at 312.) The same considerations apply to this case.

Moreover, changing Kimberly's name will not necessarily put an end to her confusion and embarrassment. Were her name to be changed, she would be subjected to the same type of confusion when visiting with members of her father's family. (See *Presson*, 102 Ill. 2d at 312.) Should her mother get married and, as is customary, adopt her husband's surname, Kimberly would once again

be in the position of having a different name from her mother. See *In re Marriage of Omelson* (1983), 112 Ill. App. 3d 725, 734.

In summary, while the minor would undoubtedly feel some confusion and embarrassment whether or not her name is changed, testimony of three isolated instances is insufficient to demonstrate clearly that a change is in her best interests.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT and McLAREN, JJ., concur.